CATHARINE VINCENT, Adm'x of WILLIAM VINCENT AND OTHERS, *vs.* JOHN G. CHAPMAN, Administrator of SAMUEL CHAPMAN.—*December* 1838.

The proceedings of the vestry of a church, pledging its corporate funds to persons who might perform work, or furnish materials for it, can impose no personal liability upon the members of the vestry; and an impression subsequently manifested by them, that they had assumed a personal responsibility, cannot vary the legal interpretation of the act upon which the question of responsibility depends.

APPEAL from Chancery.

The bill in this cause was filed by the appellee, against *Catharine Vincent* adm'x of *William Vincent, James J. Weems* adm'r of *John Weems, Mary Chapman* adm'x of *Henry H. Chapman, John J. Stoddert* and *Horatio Clagett*, in *Charles* County Court, and subsequently removed to the Court of Chancery. The object of the bill was to recover from the defendants, certain sums of money advanced by *Samuel Chapman,* in and about the erection and construction of a church in *Port Tobacco Parish,* in *Charles* county. The parties set up various defences, and a great variety of proofs was introduced in the cause, but as the only question decided in the Court of Appeals was, whether the defendants were personally liable under the following resolutions, and it being ultimately held, that they were not so liable, the reporters deem it unnecessary to publish more of the cause than is sufficient to illustrate the opinion of this court.

The proceedings which it was supposed created a personal liability in the defendants, were as follows:

Exhibit B. Saturday, July 29th, 1815. The vestry met agreeably to notice; present the Rev. Mr. Weems, Samuel Hanson, Sen., Samuel Chapman, William Vincent, Horatio Clagett, John Matthews, John T. Stoddert, and Henry H. Chapman, who resolved, that in order to finish the church, the vestry or those of them who will consent to the plan, will agree to complete the said church on their own responsibility; and in order to reimburse them in the necessary expenditures thereof,

They do further resolve, that when the same shall be completed, the pews shall be sold to the highest bidder, without restriction on the purchaser, as to the number of pews he may purchase; and also, that any benefit arising from the scheme of a lottery in favour of said church, shall exclusively *vest* in favour of those persons, who may undertake to build the said church.

Resolved further, that any money now due on subscription, or that may hereafter be subscribed, shall be paid to the persons who may undertake to build the said church, it being un-

derstood, that any balances due from the vestry, shall be first paid out of the money due already subscribed, and not collected, or collected and not paid over to the vestry.

Resolved, that to carry into effect the within resolutions, Messrs. H. H. Chapman and John T. Stoddert, are appointed our agents, for the purpose of managing the affairs of our lottery, with full power to take such steps as to them may appear expedient to the final adjustment of the same, and that H. H. Chapman and Samuel Chapman, shall negotiate any loans in the manner to them seeming best, which the vestry pledge themselves to repay on such terms as they may contract for the same. We whose names are hereunto subscribed do agree to exonerate Samuel Hanson, Sen., Esq., and John Matthews Esq. from any responsibility arising from the aforegoing resolutions.

| | |
|---|---|
| John Weems, | J. T. Stoddert, |
| H. H. Chapman, | H. Clagett, |
| Samuel Chapman, | Thomas A. Davis. |
| William Vincent, | |

Resolved, that Samuel Chapman, Horatio Clagett and John T. Stoddert, be a building committee, with power to contract for workmen, materials, &c., for the purpose of finishing the church.

After answers and proof, the cause was referred to the auditor, who reported a balance due Samuel Chapman for principal and interest of $23,696.17. This account was confirmed by the Chancellor (BLAND), who passed a final decree against each of the parties for the sum of $3385.16 with costs. From this decree the appellants brought this appeal.

The cause was argued before BUCHANAN, C. J., STEPHEN, ARCHER, DORSEY, CHAMBERS, and SPENCE, J.

By A. C. Magruder and R. Johnson for the appellants, and T. S. Alexander for the appellee.

ARCHER, J., delivered the opinion of the court.

The proceedings of the vestry of *July* 1815, did not con-

stitute a contract, involving the personal liability of the members of the vestry. It was a corporate act, pledging corporate funds, to any one who would on the faith of those funds, proceed to build the church.

The contracts with the workmen, and those furnishing materials, made by committees of the vestry, of whom the complainant's intestate was one, as also the subsequent proceedings of the vestry, confirm the correctness of this view of their resolutions.

The *nominal* amount of the funds within their control, and which it was supposed would ultimately be available, the subscriptions, the expected proceeds from pew sales, and the lottery grant, was adequate to the expenditures contemplated, and doubtless this amount was at that time expected to be ultimately realized.

In such event, no personal liability would have been claimed, because no monies would be necessary.

Unfortunately, however, the total failure of the lottery grant to produce any pecuniary advantage, made it necessary to the appellee's intestate to look to other sources of reimbursement, for the large expenditures which in his zeal for the church he had incurred.

It is certain that, after the deficiency was manifested, some of the members of the vestry appear to have supposed themselves personally liable, but they did not act to fix that liability upon themselves, and their mistaken opinion as to the nature and extent of their liabilities, will neither vary the legal interpretation of the instrument which is relied upon as a contract, nor entitle the appellee to recover a claim not otherwise well founded.

For these reasons the court must reverse the decree and dismiss the bill.