JULIA SIMPSON AND WM. A. SIMPSON *vs.* FRANK-
LIN BAILEY AND OTHERS.

*Sale of Real Estate of Intestate in Orphans' Court.*

A sale of the real estate of an intestate, of less value than $2,500,
made under an order of the Orphans' Court having jurisdiction of
the subject-matter and of the parties, cannot be impeached collat-
erally for mere errors or irregularities in the procedure.

A sale of the real estate of an intestate decedent was made by his
administratrix under an order of the Orphans' Court, and the land
was subsequently conveyed to the defendants. In an action of
ejectment by the heirs at law of the decedent, *Held*, that although
the sale should have been made by a trustee, yet the failure to do so
was not such an error in procedure as would make the sale by the
administratrix absolutely void, or open to collateral attack.

Appeal from the Circuit Court for Charles County. The
case is stated in the opinion of the Court.

. The cause was argued before ROBINSON, C. J., BRYAN,
McSHERRY, BRISCOE and BOYD, JJ.

*Marion Duckett* (with whom was *E. Dent* on the brief),
for the appellant.

*Adrian Posey* for the appellee.

ROBINSON, C. J., delivered the opinion of the Court.

This is an action of ejectment, and the plaintiffs, in sup-
port of their title, proved that Cornelius Bailey died seized
of the tract of land set forth in the declaration, and that
they were his heirs at law.

The defendants claimed title under a sale made in pursu-
ance of a decree of the Orphans' Court of Charles County
for the sale of the real estate of the said Bailey. And to
prove title in themselves, the defendants offered in evidence

a petition filed by Elizabeth Bailey, administratrix of the said Cornelius Bailey, for the sale of the real estate of the intestate, under whom the plaintiffs and defendants both claimed title, and the proceedings thereunder, including the decree, and the sale of the real estate and *mesne* conveyances from the purchaser, and upon the objection of the plaintiffs' counsel, the Court decided that the proceedings thus offered were not admissible for the purpose of proving title in the defendants.

And in support of the ruling of the Court, it is insisted that the sale of the real estate of the intestate under these proceedings is *absolutely void,* and the purchaser thereunder acquired no title, because the decree shows that the Orphans' Court appointed Elizabeth Bailey, as administratrix, to sell the real estate, and that the sale was made by her in that capacity, and not as trustee. To such a contention as this we cannot agree. The Orphans' Courts have concurrent jurisdiction with the Circuit Courts to decree the sale of the real estate of intestates in all cases where the value of the real estate does not exceed twenty-five hundred dollars, and to ratify the sales thus made in the same manner as sales made by trustees under the appointment of the Circuit Courts.

And the Code further provides that the Orphans' Courts shall have authority to appoint a trustee to make such sales, which trustee may be the *administrator*, and that upon the ratification of the sale and the payment of the purchase money, the trustee shall convey the title to the purchasers. The Code, it is true, contemplates that when an administrator is appointed trustee, he shall sell the property *as trustee, and not as administrator,* and that he shall give bond as trustee. But a mere error in the description of the person, and the character in which he sells, does not make *the sale itself absolutely void.* There is a broad distinction between an error of this kind in the *procedure* where a Court has jurisdiction of the subject-matter and the parties, and a judgment rendered without jurisdiction. A judgment rendered

without jurisdiction is void, and binds no one ; but, where the Court has jurisdiction, its judgments cannot be impeached *collaterally* for *mere errors or irregularities* in the proceeding.   For such errors the remedy is by appeal.

In this case the Orphans' Court had jurisdiction to decree the sale of the real estate, and if it had jurisdiction of the parties, its decree cannot be assailed in a collateral proceeding for error in the procedure.

The second objection, namely, that the proceeding was instituted by Elizabeth Bailey, administratrix, in behalf of the creditors, whereas it should have been instituted by the creditors, is equally untenable.   A suit, it is true, must be brought by a party having an interest in the subject-matter, and the want of such interest, if apparent on the face of the proceedings, is ground for demurrer ; or, if not apparent, the defendant may take advantage of the defect by way of answer or plea.   *Mitford's Equity Pleading*, 154.   But if no objection is made by the defendant, and a decree is rendered, the decree itself cannot be impeached collaterally for such defect.   In *Downes* v. *Friel*, 57 Md. 531, where a bill was filed for partition under Article 16, section 99, of the old Code, in the name of Daniel Friel, next friend of Anne E. and Richard A. Downes, minors, it was held that although the Code contemplated that the suit should be brought in the name of one or more of the parties in interest, and if such parties were minors, that it should be brought in their names as complainants, by their next friend; yet, inasmuch as the minors were made parties defendants, and answered by guardian appointed for that purpose, this error in the proceeding was no ground for rescinding and annulling the decree after the term had passed.

And besides, it is a sufficient answer to the contention of the appellees in regard to the errors and irregularities in the proceedings of the Orphans' Court to say that that Court having jurisdiction of the subject-matter and of the parties, it had the right to decide in regard to all questions arising

in the progress of the suit, and its decision in the premises was binding upon the parties, unless reversed on appeal.

It follows from what we have said that the proceedings of the Orphans' Court, under which the tract of land in controversy was sold, and under which the defendants claimed title, were admissible in evidence, and the judgment below must therefore be reversed.

*Judgment reversed.*

(Decided November 23rd, 1894.)