(Filed 29th April, 1887.)

THE UNITED LINES TELEGRAPH COMPANY *vs.* FRANCIS P. STEVENS, and others. SAME *vs.* WILLIAM A. DUNN.

*Appeal—Vacation of Enrolled decree—Equity practice—Practice in the Court of Appeals—Fieri facias on Order for Payment of money into Court.*

An appeal will be entertained although not taken within the two months allowed therefor, if it be shown that the order appealed from was obtained by fraud, and that the fraud was only discovered within two months before the appeal.

After a decree or decretal order has become enrolled, it can only be vacated, where fraud in its obtention is charged, by original bill filed for that purpose.

United Lines Telegraph Co. *vs.* Stevens, *et al.*

Where subsequent to the enrollment of a decretal order, a petition to vacate the same for fraud, was filed and evidence was taken thereunder, it was on appeal from the order  HELD:

That the testimony taken under the petition subsequent to the order was not before the Court, but that the Court was restricted to the evidence taken before the passage of the order.

A *fieri facias* cannot be issued upon an order directing money to be paid into Court to be paid to the person in whose favor it is passed; and if issued, it will be quashed.

If the party who obtains an order or decree for the payment of money into Court, has reason to apprehend the necessity of a *fieri facias* to enforce it, he should have the order so drawn as to make the money payable directly to himself.

APPEALS from the Circuit Court of Baltimore City.

The order of the 9th of November, 1885, was a final ratification of the auditor's report as to the claim of Francis P. Stevens, and others, to which no exceptions had been filed.    It also directed and required the United Lines Telegraph Company to pay into Court at once the amount of said claims with interest, &c.   The order of the 19th of November, 1885, overruled the exceptions which had been filed to the claim of William A. Dunn, amounting to $10,653.74, and finally ratified the auditor's report and account as to the same, and directed that the United Lines Telegraph Company pay at once into Court the said sum, with interest from the date of the order, the same to be paid to the said William A. Dunn.   The case is further stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, and BRYAN, J.

*George R. Gaither, Jr.,* and *William S. Bryan, Jr.,* for the appellant.

*Francis P. Stevens,* for himself and others, appellees.

*Samuel Snowden,* for William A. Dunn, appellee.

STONE, J., delivered the opinion of the Court.

The motion to dismiss the appeals in this case must be overruled. The direct point was decided in *Oliver vs. Palmer,* 11 *Gill & J.,* 143. In this case an officer of the United Lines made affidavit that the orders appealed from were obtained by fraud, and that the fraud was only discovered within two months before the appeal. This is sufficient.

But while the orders of the 9th and 19th of November, 1885, are before us on appeal, we can in deciding upon the correctness of these orders only consider the proceedings which took place *prior* to the passing of these orders, and *not* the *subsequent* proceedings.

After these decretal orders were passed the United Lines filed in the case a petition, seeking to vacate the orders upon the ground of fraud and collusion, on the part of their then attorney with the claimants in obtaining the orders, and a good deal of testimony was taken by the appellant for the purpose of showing such fraud.

The question is thus directly presented whether under the established rules of practice, we can, under a *petition filed in a case subsequent to a decree, vacate such decree for fraud after the decree has become enrolled.*

This question seems to have been definitely settled in this State by the case of *Thruston vs. Devecmon,* 30 *Md.,* 210, and the cases there cited, and now after a decree or decretal order has become enrolled, it can only be vacated, where fraud in its obtention is charged, by original bill filed for that purpose. See also *Downes vs. Friel,* 57 *Md.,* 531.

Such being the established practice, the testimony taken under the petition filed in these cases *subsequent* to the orders, is not before us on the question of fraud. We are restricted in this proceeding to the evidence taken before the passage of the orders appealed from. Taking that evidence alone, we see no sufficient ground to reverse the orders. The claims were proved by the parties them-

selves, and while there may be some suspicious circumstances, notably the effort of Dunn, the largest creditor of the Bankers and Merchants Telegraph Company, to have one of the receivers removed, still we cannot say that any fraud and collusion has been satisfactorily proved by any evidence in the record that was before the Court when the orders were passed, *and they must be affirmed in this proceeding.*

The parties in whose favor these orders were passed, issued *fi. fas.* upon them, and the United Lines moved to quash these executions, and this presents the point of practice whether a *fi. fa.* can properly issue upon an order like the one before us.

The orders are substantially the same, and provide in Dunn's case,

"That the United Lines Telegraph Company do at once *pay into this Court* the said sum of ten thousand, six hundred and fifty-three dollars and seventy-four cents, with interest from this date, and costs to be taxed by the clerk of this Court in respect of said claim, the same to be paid to *the said William A. Dunn.*"

There would, be no doubt that a *fieri facias* could issue on this order, if it had provided that the amount should have been paid directly to Dunn. The doubt arises from the fact that it directs the money to be paid *into Court* to be paid to Dunn.

The English Courts seem to have adopted a strict rule on the subject. In the case of *Re Leeds Banking Company, L. R.,* 1 *Ch. App.,* 150, where the order was to pay into the Bank of England, to the credit of the official liquidator, the Chancellor, (CRANWORTH,) said that if the liquidator desired a *fi. fa.,* he must obtain an order to pay the money directly to himself. See also, *Freeman on Executions.*

In the absence of any express adjudication in this State, the majority of the Court approve the English practice.

If the party who obtains an order or decree for the payment of money, has reason to apprehend the necessity of a *fieri facias* to enforce it, he can have the order so drawn as to make the money payable directly to himself.

Or, as in a case like the one before us, he can have the order changed so as to make it so payable. They are, therefore, of opinion, that the motion to quash the executions in these cases, should prevail.

A majority of the Court also think it unnecessary in this proceeding to decide the question, whether the orders of the 9th and 19th of November, 1885, have in effect been rescinded by the sale of the property of the Bankers and Merchants Telegraph Company, by order of Court.

But that said question may be raised by a distinct petition in the Court below, disconnected with any question of *fraud in the obtention of the decretal orders* of the 9th and 19th of November, 1885, (which, as we have said, must be raised by original bill,) and on that point we neither reverse nor affirm the decision of the Court, of the 13th of July, 1886. But so much of the decree of the 13th of July, 1886, that overrules the motion to quash the *fieri facias* heretofore issued, must be reversed and the executions quashed, and the case remanded for further proceedings, if the appellants should so elect.

> *Orders affirmed. Decree reversed in part, but neither reversed nor affirmed as to the residue. Case remanded, each party to pay his own costs.*

(Decided 17th March, 1887.)

A motion having been made in the foregoing case by the appellant, for a modification of the decree passed therein, in respect of the disposition of costs, the Court, after consideration, granted the same, and adjudged that the costs

of the record of the case should be equally divided between the appellant and the appellees, and that the parties should respectively pay the costs for printing their briefs.