HATTIE M. FOXWELL *vs.* WEBSTER FOXWELL.

*Enrolled decrees: how to be reviewed; fraud; surprise, etc.*
*Divorce a mensa for abandonment; no bar to*
*divorce a vinculo for*
*adultery.*

In general final decrees or orders in the nature of final decrees, after enrollment can not be called in question, by mere petition, but must stand for what they purport to be, unless revised, annulled, or reversed by a bill of review, or by an original bill for fraud.                              p. 474

But the procedure may be by petition, where a cause was not heard on its merits, and where it is alleged that the decree was entered by mistake, surprise, or under such circumstances as will satisfy the Court in the exercise of its sound discretion that the enrollment ought to be discharged and the decree set aside.                              p. 474

The existence of a former decree granting to a wife a divorce *a mensa et thoro* on the ground of abandonment does not bar the jurisdiction of a Court to grant a divorce to the husband on the ground of adultery of the wife since the discovery of which the husband had ceased to live with her.       p. 475

A wife by petition prayed that a decree of divorce against her by her husband be stricken out on the ground that she had already obtained a decree of divorce from her husband because of abandonment; she alleged that the proceedings in which his decree was obtained were wholly unauthorized;— the decree being a surprise and mistake, because the Court was not informed of the decree already existing between the parties; this petition was not filed until after the decree obtained by her husband had been enrolled; one of the grounds upon which the husband had based his claim for divorce was the adultery of the wife before she obtained her decree; since the discovery of which he alleged that he had not lived with her; *held* that while the averments in the

wife's petition were too general and indefinite to warrant the Court in vacating the enrollment of the decree obtained against her, yet as she might be entitled to relief under a new and proper proceeding, the decree of the Court below refusing her petition would be affirmed, but without prejudice to her taking such further proceedings as might be proper and justified according to the facts and circumstances of the case.                                                    p. 476

*Decided July 10th, 1912.*

Appeal from Circuit Court No. 2 of Baltimore City (HAR-LAN, C. J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE PEARCE, BURKE, THOMAS, URNER and STOCKBRIDGE, JJ.

*Lewis Hochheimer* (with whom was *Joseph W. Clisham* on the brief), for the appellant.

*Matthias C. Angelmier* (with a brief by *O'Mara* and *Angelmier*), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

On the 31st of October, 1911, the appellant filed a petition in Circuit Court No. 2 of Baltimore City, in which it is alleged, that on the 8th day of October, 1909, upon proper proceedings, a decree was passed by the Circuit Court of Baltimore City granting her a divorce *a mensa et thoro*, from her husband, H. Webster Foxwell, the appellee here, upon the ground of alleged abandonment, awarding her alimony and the custody of her infant child.

The petition also avers, that after the passage of the above named decree and while the same was in full force, her husband filed a bill in Circuit Court No. 2 of Baltimore City, alleging abandonment by her, whereupon such pro-

ceedings were had and on the 27th day of June, 1911, a decree was passed, granting her husband, the appellee a divorce *a vinculo matrimonii* from the appellant, his wife.

The petition then avers that she is advised that the last-named proceedings were wholly unauthorized, the rendition of the decree a surprise and mistake because the Court was not informed as to the already existing decree between the parties.

The prayer of the petition is, that the decree be stricken out, and for other and further relief as may appear just and proper.

The defendant in the Court below demurred to this petition upon the following grounds:

(1) That the said petition is bad in substance and insufficient in law for the reason that the petition on its face shows that the Court has no jurisdiction to grant the relief prayed for therein.

(2) That the petition fails to set forth any facts from which the Court could infer that the decree for a divorce *a vinculo matrimonii* was passed by it on the 27th day of June, 1911, as the result of any legal surprise or mistake.

(3) That the petition fails to show any valid reason why the said decree for a divorce *a vinculo matrimonii* was not appealed from in due course within the time prescribed by law.

The Court below sustained the demurrer and dismissed the petition, and from this order the petitioner has appealed.

The docket entries in the case of *H. Webster Foxwell* v. *Hattie M. Foxwell,* in Circuit Court No. 2 of Baltimore City appear to be as follows:

6th April, 1911. Bill for divorce *a vinculo matrimonii,* filed. (1) Subpoena issued to St. Mary's county; summoned. 23rd May, 1911. Decree *pro confesso* against defendant and directing one of the examiners to take testimony, filed. 3rd June, 1911. Depositions filed. 23rd June, 1911. Order of reference, filed. 27th June, 1911. Report of auditor and master, filed. Same day—Decree divorcing plaintiff *a vin-*

*culo matrimonii* from defendant and awarding to plaintiff the care and custody of the minor children. 31st October, 1911. Petition of defendant to have the decree heretofore passed in this cause struck out and order of Court thereon, filed. 9th December, 1911. Demurrer to petition, filed. 15th March, 1912. Order of Court dismissing petition, filed.

It will be thus seen, that notwithstanding, the second suit was filed on the 6th day of April, 1911, and the appellant was duly summoned to appear, and a final decree was passed on June 27th, 1911, the appellee waited until the 31st of October, 1911, long after the decree had become enrolled before taking any steps whatsoever to have the decree reversed, or stricken out.

The general rule of practice is well settled in this State that final decrees or orders in the nature of final decrees, after enrollment cannot be called in question, by mere petition, but must stand for what they purport to be, unless revised, annulled or reversed by a bill of review or by an original bill for fraud. *Rice* v. *Donald,* 97 Md. 396; *Thruston* v. *Devecmon,* 30 Md. 210; *Straus* v. *Rost,* 67 Md. 479; *United Lines Tel. Co.* v. *Stevens,* 67 Md. 156; *Long Contracting Co.* v. *Albert,* 116 Md. 114.

In the recent case of *Primrose* v. *Wright,* 102 Md. 109, we said, "but there are certain well defined exceptions to this general rule which are equally well established, where the procedure may be by petition. These are in cases not heard on their merits and in which it is alleged that the decree was entered by mistake or surprise or under such circumstances as shall satisfy the Court in the exercise of a sound discretion that the enrollment ought to be discharged and the decree set aside." *Fox* v. *Reynolds,* 50 Md. 573; *Herbert* v. *Rowles,* 30 Md. 278; *Pfeaff* v. *Jones,* 50 Md. 263.

While the appellant in her brief states that the Court below was without jurisdiction or authority to entertain the second suit by reason of the former decree granting her a divorce *a mensa et thoro* from her husband, upon the ground of alleged abandonment, it appears from a copy of

the bill of complaint which was filed by the appellee in the second suit, that in addition to the charge of abandonment the fifth paragraph of the bill charges that the defendant, the wife, had committed the crime of adultery with divers men, on various times and occasions, since the discovery of which he had not lived or cohabited with her.

If the second degree was based upon the fifth paragraph of the bill, and sustained by proof, and there is nothing in the record before us other than the docket entries to show upon what ground the decree was based, then, clearly the Court had jurisdiction to pass the second decree. The existence of the former decree would in no way bar the jurisdiction of the Court if the allegations of the fifth paragraph were sustained by proof. *Stewart* v. *Stewart,* 105 Md. 297.

The principal ground for striking out the decree of the 27th of June, 1911, as set forth in the petition is, that the proceedings in the second suit were wholly unauthorized and the rendition of the decree was a surprise and a mistake as the Court below was not informed as to the existing decree between the parties.

According to the docket entries, on the record before us, the appellant was duly summoned to the second suit, a decree *pro confesso* for want of appearance and an answer, and the decree was regularly passed after proof taken, according to the settled practice in such cases.

In *Rust* v. *Lynch,* 54 Md. 636, it is said, that where the process has been regularly served upon the defendant and he fails to appear and make his defense and judgment is regularly entered against him, a strong case must be presented to justify the Court in striking out the judgment after the lapse of the term; and the Court will not, in any such case, interfere with the judgment unless the facts produced clearly establish "fraud, deceit, surprise or irregularity in obtaining the same," and that the defendant has acted *bona fide* and with reasonable diligence in making the application.

The averments in the appellant's petition in this case, however, are entirely too general and indefinite to warrant the Court in disturbing and vacating the enrollment of the decree passed on the 27th of June, 1911, and to bring it within the principles of the cases cited by the appellant.

While we shall affirm the order of the Court below, of the 15th of March, 1912, dismissing the petition, we do not think the appellant should be precluded from presenting her case, in a proper way by filing an amended petition or an original bill, as the facts and circumstances of her case may require and justify.

The power of a Court to vacate and annul an enrolled decree upon petition on the ground of fraud, surprise or mistake, without gross laches on the part of the petitioner is well settled and supported by authority in this State and elsewhere. *Herbert* v. *Rowles,* 30 Md. 271; *Straus* v. *Rost,* 67 Md. 478; Miller's Equity, secs. 288-292.

In *Gechter* v. *Gechter,* 51 Md. 187, JUDGE ROBINSON in delivering the opinion of the Court, said: "Assuming the averments to be true, they show not only that the decree divorcing the parties was procured by fraud, but that it was also a surprise to the appellee and the power of the Court to vacate it upon these grounds, cannot, since the decision of *Herbert* v. *Rowles,* 30 Md. 271, be considered an open question."

In the case at bar, the appellant may be entitled to the relief prayed upon a new and proper proceeding as herein indicated. So for the reasons stated, the decree of the Court below will be affirmed, but without prejudice to the appellant taking such further proceedings as may be proper and justified according to the facts and circumstances of her case.

> *Order was affirmed on the 12th day of June, 1912, without prejudice to the appellant taking further proceedings, the costs to be paid by the appellee,* H. Webster Foxwell.