JOHN E. HOLLOWAY

*vs.*

THE SAFE DEPOSIT AND TRUST COMPANY, Trus-
TEE AND ANNE M. HOLLOWAY.

*Decrees: setting aside; mistake and surprise; statement of
judge that he had not read pleadings.*

Ordinarily a decree once enrolled cannot be opened, except
by bill of review, or by an original bill for fraud.  p. 542

The exceptions are where cases were not heard upon their
merits, or where it is alleged that the decree was entered by
mistake or surprise, or where the decree was entered under such
circumstances as to satisfy the court that, in the exercise of
sound discretion, the enrollment ought to be discharged and the
decree set aside.  p. 542

A decree of a court of equity ought not to be set aside years
after it was passed, merely because long afterwards the judge
stated that it had been entered by mistake or surprise, and that
he would not have passed the decree had he known of the ques-
tions presented by the pleadings, which, in spite of the allega-
tions in the decree that all the pleadings and proceedings in the
case were read and considered, as a matter of fact he had not
read, owing to certain representations made to him by counsel.
  p. 547

*Decided January 13th, 1915.*

Appeal from Circuit Court No. 2 of Baltimore City.
(Ambler, J.)

. The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Isaac Lobe Straus* and *E. Allan Sauerwein, Jr.,* for the appellant.

*John B. Deming,* for Anne M. Holloway, appellee, and *George Whitelock,* for The Safe Deposit and Trust Company, Trustee, appellee.

PATTISON, J., delivered the opinion of the Court.

The appeal in this case is from an order of the Circuit Court No. 2 of Baltimore City sustaining a demurrer to, and dismissing the petition.

It is alleged, in the aforegoing petition, that an order of May 29th, 1911, passed upon the petition of Anne M. Holloway, ratifying an agreement entered into between her and the petitioner, John E. Holloway, her husband, bearing date the 5th day of May, 1911, and ordering and directing the Safe Deposit and Trust Company of Baltimore, trustee for the petitioner under the will of his father, John Q. A. Holloway, deceased, to pay unto her certain moneys from time to time out of the trust income to accrue to the petitioner under said will—was in contravention of its express terms and provisions, and that the petitioner had no right or power to make said agreement, and that the Court was not informed of the terms and provisions of said will, nor was it asked to consider and construe them and determine the validity of the aforesaid agreement, and if, in his opinion, valid, to confirm it.

It is, however, disclosed by the petition that in the answer filed thereto by the Safe Deposit and Trust Company, the provision of said trust involving the validity of said agreement was fully set forth, and the Court was asked to construe it in determining the validity *vel non* of the agreement. In addition to this the petition discloses that the

petition of Anne M. Holloway asking for the confirmation
of the aforesaid agreement, was signed by Joseph C. France,
Esq., as her solicitor, and the answer of the petitioner in
this case, filed thereto, was signed by Oscar Wolff, Esq., as
his solicitor.   But the petition charges that the aforesaid
agreement, as well as the said petition and answer thereto
was prepared by George Whitelock, Esq., who answered for
the trustee, and that Mr. France and Mr. Wolff, who were
not present when the papers were presented to the Court,
had no part in the said proceedings, other than the formal
signing of their names to the said petition and answer.

The petition further alleges that he has been informed by
the judge who signed the order of May 29th, 1911, that Mr.
Whitelock told him that the proceedings were for the purpose
of ratifying the aforementioned agreement, and that the
decree that he was asked to pass was a decree by consent,
and that he, the judge, was not informed by Mr. Whitelock
that the trustee had refused to recognize the right of the
petitioner to assign a part of his income to his wife, or that
there was any question concerning the construction of the
will or of any trust provision therein presented for his con-
sideration; that Mr. Whitelock said it was a consent decree;
and that it was signed by the judge in ignorance of the said
provision of the will.

It was also alleged that although formally represented by
Mr. Wolff, the petitioner was, in fact, without representa-
tion, and that the proceedings were not heard upon their
merits, and that the above facts as stated constitute a mistake
and surprise, the effect of which was to work and perpetuate
a fraud upon the trust estate of John Q. A. Holloway,
deceased, and to pervert the express provisions of his said
will.

In conclusion, the petition asks for the rescission and an-
nullment of the order so passed on the 29th day of May, 1911.

This is the second attempt to have the said order of May
29th, 1911, annulled and set aside.

The petitioner in this case on the 21st day of July, 1913, filed his amended bill of complaint in the Circuit Court No. 2 of Baltimore City, asking that the proceedings upon which the aforesaid order was passed be reviewed and the order annulled and set aside.

The Court, upon the bill and answer thereto filed, by its order of September 9th, 1913, annulled and set aside its former order of May 29th, 1911, and on appeal to this Court (*Holloway* v. *Safe Deposit and Trust Co.,* 122 Md. 620) the decree annulling and setting aside the former decree was reversed and the bill dismissed, for the reason that the bill of review was not filed in time.

This Court has frequently said "that as a general rule it is true that a decree once enrolled cannot be opened, except by bill of review, or by an original bill for fraud. To this rule, however, there are well founded exceptions in cases not heard upon their merits, or in which it is alleged that the decree was entered by mistake or surprise, or under such circumstances as will satisfy the Court, in the exercise of a sound discretion, that the enrollment ought to be discharged and the decree set aside. *Herbert* v. *Rowles,* 30 Md. 271; *Bank* v. *Eccleston,* 48 Md. 155; *Pfeaff* v. *Jones,* 50 Md. 269; *Gechter* v. *Gechter,* 51 Md. 187; *Patterson* v. *Preston,* 51 Md. 190; *Downes* v. *Friel,* 57 Md. 531; *United Lines Telegraph Co.* v. *Stevens,* 67 Md. 156; *Mallery* v. *Quinn,* 88 Md. 38; *Foxwell* v. *Foxwell,* 122 Md. 263.

We must, therefore, determine, upon the allegations of the petition, whether this case falls within the exceptions to the rule, as contended for by the appellant. In doing so, we need consider only those allegations of the petition that are not contained in the bill of review, for in the former case this Court, speaking through JUDGE CONSTABLE, said: "The theory upon which the complainant asks to have the proceedings reviewed and the decree set aside is, that there are errors of law apparent upon their face, in that the Court was without power to pass such decree in dealing with the spendthrift

trust. That a bill of review will lie for such purpose is not open to question. *Miller's Eq.* sec. 293."

The allegations in the petition here filed, that are not found in the aforesaid bill of complaint, are those charging George Whitelock, Esq., with having prepared not only the answer of the Safe Deposit and Trust Company to the petition of Anne M. Holloway asking for the confirmation of said agreement, which is mentioned in said bill, but also her said petition, signed by Joseph C. France, and the answer to the petition filed by the petitioner, John E. Holloway, and signed by Oscar Wolff, and alleging that Messrs. France and Wolff did not participate in the proceedings beyond signing their respective names to the petition and answer; and that the said papers were presented by Mr. Whitelock alone to the Court, with the representations made by him as above stated; and the allegation that the Court had since declared that he was not informed as to the questions presented by the pleadings, as they had neither been read to him nor had he read them, and that the decree was signed upon the representations of Mr. Whitelock that it was a consent decree, and that had he been told of the spendthrift provision of the will and that he was construing the same in determining the validity of the agreement, he would not have signed the order of May 29th, 1911.

Unless we can find, upon the aforesaid allegations of the petition, that the questions presented by the petition of Anne M. Holloway and the answers thereto, were not heard and determined upon their merits, or that the decree thereon was entered by mistake or surprise, or under such circumstances as will satisfy the Court, in the exercise of a sound discretion, that the enrollment ought to be discharged and the decree set aside, the order of the Court below in sustaining the demurrer and dismissing the petition should be affirmed.

The petition of Anne M. Holloway prayed for the confirmation of the agreement entered into by her and her husband, and the defendant united with her in the prayer of the bill. The petitioner was informed by the trustee of the appre-

hended difficulties in carrying out the aforesaid agreement because of the spendthrift clause of his father's will, which, as was thought by the trustee, stood in the way of such an agreement, and it was because of these difficulties that it was determined to submit the validity *vel non* of the agreement to the Court for its decision. To this end the petitioner addressed a letter to Mr. Wolff, which appears in the opinion in the former case, and requested him to appear as his solicitor in the proceedings to be instituted for the confirmation of the agreement, and pursuant to such request Mr. Wolff filed for him the answer above referred to. The aforesaid letter clearly discloses that the petitioner was fully aware of the supposed necessity for the confirmation of the agreement by the Court, and the trustee filed its answer, through Mr. Whitelock, in which this provision or clause of the will is fully set out, and the Court is directly asked to construe it in determining whether the agreement was a valid one under such provisions.

Each of the parties was represented by reputable counsel, and the fact that Mr. Wolff did not accompany Mr. Whitelock when the pleadings were presented to the Court, that he might act upon the same, does not, in our opinion, in any way reflect upon the conduct of Mr. Wolff as counsel for the petitioner. The questions to be determined upon the petition and answers thereto were thereby fully presented to the Court for its decision, and Mr. Wolff had the right to assume that the Court, in determining the questions there presented, would read and consider the pleadings in that case before passing its decree, and there was no necessity, as we see it, of Mr. Wolff accompanying Mr. Whitelock in the presentation of these papers to the Court. It was the wish of the petitioner that the agreement should be carried out, if consistent with the provisions of the will, and this question was presented under the pleadings without the necessity for proof, and it was adjudicated under the order of the Court passed the 29th day of May, 1911.

It is, however, contended by the petitioner that although the questions to be decided by the Court were fully presented by the pleadings and answer thereto, that nevertheless, he did not read and consider them because told by Mr. Whitelock that it was a consent decree and was not told of the spendthrift trust and the questions presented by the pleadings.

The fact that he did not read the pleadings, because told by Mr. Whitelock that it was a consent decree, and it did to some extent partake of a consent decree in that all parties to the proceeding had by the pleadings consented to its passage if the Court should decide that the agreement was consistent with the aforesaid provision of the will, and the further fact that he would not have passed the decree had he read and considered the questions presented by the pleadings, were not disclosed, as it appears from the proceedings, until after the reversal of the decree in the former case when they were disclosed for the first time by a motion asking for re-argument in this Court.

It is because the order of May 29th, 1911, was passed by the Court without its having read and considered the pleadings, for the reasons assigned, that it is now contended by the appellant that the proceedings were not heard upon their merits and that the decree was entered by mistake or surprise, entitling the plaintiff to the relief sought.

The decree of May 29th, 1911, is in part as follows:

"This cause having been submitted upon the petition of Anne M. Holloway, wife of John E. Holloway, and the respective answers thereto of her said husband and the Safe & Deposit Company of Baltimore, his trustee under the will of his father, the late John Q. A. Holloway, the *pleadings and all of the proceedings* were by the Court *read* and *considered,* and it appearing from the written agreement of May 5, 1911, entered into by the said John E. Holloway and Anne M. Holloway, his wife, and filed as an exhibit with said petition, that owing to certain irreconcilable dif-

ferences·between them they have decided to live apart in the future, and the said John E. Holloway desiring, as recited in said agreement, to provide in proportion to his faculties separate and independent support and maintenance for his said wife, by way of alimony during their joint lives, to be raised out of the trust income to accrue to him from and after July 1, 1911, under the will of his father, it is thereupon, this 29th day of May, 1911, by the Circuit Court No. 2 of Baltimore City, adjudged and ordered that the Safe Deposit and Trust Company of Baltimore, trustee for the said John E. Holloway, * * * pay unto Anne M. Holloway * * * out of the trust income to accrue to the said John E. Holloway * * * ; the respective sums of money mentioned in and to become payable to her in conformity with the terms of said agreement * * * ; and the said agreement * * * is hereby ratified and confirmed by this Court in accordance with the prayer of said petition and of the answer thereto of John E. Holloway."

This decree stood for about two years, when the petitioner, as it would seem, no longer moved by a desire for the maintenance of his wife as provided for in said agreement, filed his bill of review that we have heretofore referred to, and upon the reversal, by this Court, of the decree passed upon his bill and answers thereto, the attempt is again made, this time by petition, to annul and rescind said order or decree, because of the aforesaid facts disclosed since the reversal of the decree in that case.

To say, under these facts and circumstances, that the original proceedings were not heard upon their merits, or that the decree was entered by mistake or surprise, entitling him to the relief sought by the petition, would, we think, be extending the exceptions to the rule in cases of mistake and surprise beyond what was intended by this Court in its former decisions.

The cases to which we have been referred, where the decrees were annulled and set aside, because held to have been entered by mistake or surprise, materially differ from the case at bar.

In the case of *Straus* v. *Rost,* 67 Md. 465, upon which the appellant largely relies, JUDGE MILLER, speaking for the Court, said: "In fact, it nowhere *appears through the proceedings* that the attention of the Court was ever called to the construction of the will or the rights of the appellee thereunder. * * * It is a case, therefore, where the Court, through mere inadvertence or mistake and without having its attention called to the subject, ratified the accounts assailed in the petition."

What is said of that case is not true of this case. In this case the attention of the Court was especially called by the answer of the Trust Company to the spendthrift clause of the will and the Court was especially asked to construe such clause in order to determine whether the agreement, which was asked to be confirmed, was a valid one. In that case the attention of the Court was not called to the construction of the will, and because of such omission or failure the Court held that the order was passed through inadvertence or mistake. A discussion of the other cases cited would only result in unnecessarily prolonging this opinion.

To annul and set aside a decree years after it was passed, upon the statement of the Court made under the circumstances of this case long after the passage of said decree, that it was entered by mistake or surprise and that he would not have passed it had he known of the questions presented by the pleadings, which he did not read although so stated in the decree because of certain oral representations then made to him, would not only be an extension of the exception to the rule as we have said, but would also be an unsafe practice and one that should not be adopted. We will therefore affirm the order of the lower Court.

*Order affirmed, with costs to the appellee.*