CLARENCE W. PERKINS, Receiver of the Maryland
Insurance Agency Company,

*vs.*

PENINSULA TRUST COMPANY.

*Decrees and decretal orders: after enrollment; reopening of—;*
*when may be by petition; mistake and surprise.*

In general, a decree or decretal order can be revised or an-
nulled after enrollment only by a bill of review or an original
bill, and not by a petition.                         p. 223

The exceptions to the rule are, (1) cases not heard upon the
merits, (2) where the circumstances are such as to satisfy the
court that the decree should be set aside, and (3) where the
decree was entered by mistake or surprise.          p. 223

A corporation was declared insolvent and placed in the hands
of a receiver to collect and distribute its assets; in due course
an account was filed and duly ratified, and distribution made
thereunder; a second account was filed, and was excepted to,
certain notes, on which an allowance was made in the second
account, being objected to as illegal; on appeal, it was: *Held,*
that the claim based on the said notes was invalid, and the action
of the lower court in disallowing it was sustained.      p. 223

The notes and claim thereon having been declared invalid in
the appeal raising the question, a petition was filed to reopen
the first account in which an allowance had been made on the
same notes; the notes on their face bore no evidence of their
invalidity, and at the time of the ratification of the first audit
the creditors had no knowledge of the facts and circumstances
since disclosed; on appeal from an order refusing the petition
it was: *Held,* that the petition should have been allowed.
                                              pp. 224-225

*Decided February 14th, 1917.*

Appeal from the Circuit Court of Baltimore City.
(DUFFY, J.)

The facts are.stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CON-
STABLE, JJ.

*A. Herman Siskind* and *Clarence W. Perkins,* for the ap-
pellant.

*Alonzo L. Miles,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

On the 13th of April, 1913, the Maryland Insurance
Agency Company, a body corporate, was declared to be insol-
vent and its assets were placed in the hands of receivers for
distribution. In the course of its liquidation and settlement,
two auditors' accounts were stated and filed in the Circuit
Court for Baltimore City by the receivers.

The first account was filed on the 22nd of July, 1914, and
in this account there was distributed to the appellee, the
Peninsula Trust Company, the sum of sixteen hundred and
twenty-eight dollars and eighty cents as a dividend upon
claims, represented by certain promissory notes of the Mary-
land Insurance Company held by the appellee company for
money borrowed and loans made by it to the Agency Com-
pany.

There were no exceptions filed to the allowance of the
claims of the appellee company, and the first account except,
as to the items specifically excepted to, was finally ratified
and confirmed on the 3rd day of August, 1914, and the re-
ceivers shortly thereafter paid over to the appellee company
the amount allowed it.

A second report and account was filed by the receivers on
16th of October, 1915, and a second dividend, amounting to

the sum of three thousand three hundred and seven dollars and thirty-two cents, was allowed the appellee company on the same claims or notes on which the first dividend was based.

The second dividend was contested by a stockholder of the Agency Company, and certain exceptions filed to the allowance of the claim, were sustained by the Court below, and by order of Court dated the 29th of December, 1915, this claim was disallowed. On appeal to this Court, we held, that the transaction upon which the appellee's claim was based was illegal and invalid and the order of the Court below, in disallowing the claim, was affirmed. *Peninsula Trust Co.* v. *Johnson,* 128 Md. 540.

On the 3rd of January, 1916, the appellant on behalf of the creditors of the Agency Company, filed a petition in the Circuit Court of Baltimore City, asking that the enrollment of the order ratifying the first account be vacated and set aside, and the cause reopened for certain reasons alleged therein, and these will be hereafter stated and considered by us.

The appellee in its answer relies upon a single defense and that is, that the enrollment of the final order of ratification, directing the distribution and the payment of the dividend to the appellee, "was conclusive and *res adjudicata,* as to all matters which were available to the petitioners or to creditors," and could not be called into question upon the petition of the appellant.

The Court below sustained the appellee's contention and dismissed the petition. From that order this appeal has been taken.

It would answer no useful purpose to review the many decisions in this State, announcing the rule or practice, as to when a decree or decretal order, which has become enrolled can be discharged, revised or annulled, upon a petition and not by a bill of review or original bill.

In the recent case of *Whitlock Cordage Co.* v. *Hine,* 125 Md. 103, CHIEF JUDGE BOYD, after an elaborate review of

a long line of cases and authorities, said, while it was not always an easy matter under the authorities to determine the question, yet, the general rule as supported by authority undoubtedly was that a decree or decretal order, after enrollment, can be revised or annulled only by a bill of review or original bill and not by a petition. But there are exceptions to the rule, equally well established as the rule itself, which are generally classified as follows: (1) In cases not heard upon the merits. (2) Where the circumstances are such as to satisfy the Court that the decree should be set aside and (3), where the decree was entered by mistake or surprise. *Foxwell* v. *Foxwell,* 118 Md. 471; *Straus* v. *Rost,* 67 Md. 465; *Mallery* v. *Quinn,* 88 Md. 38; *Gechter* v. *Gechter,* 51 Md. 187; *Primrose* v. *Wright,* 102 Md. 109.

Under the admitted facts and circumstances disclosed by the record in the case now under consideration, we think, that the appellant's case plainly falls within the exceptions stated to the general rule by the authorities cited, and that he was entitled to the relief sought by his petition.

The promissory notes upon which the dividend in the first audit was declared it will be seen, are the same claims upon which the appellee was allowed a distribution in the second audit. In *Peninsula Trust Company* v. *Johnson,* 128 Md. 535, this Court held, that these notes were illegal and invalid and were not proper claims to be paid by the receivers out of the funds of the insolvent estate.

While it is true that the decision in the *Johnson case* was subsequent to the first audit, it is clear from the record, there was no hearing on the merits to determine the legality and validity of the appellee's claim as allowed in the first account. *Oliver* v. *Palmer,* 11 G. & J. 147; *Whitlock* v. *Hine,* 125 Md. 103.

In the agreed statement of facts it is said, that the first report and account of the receivers in this cause was stated for the purpose of testing the legal status of a certain contract between the Maryland Insurance Agency Company and the Maryland Life Insurance Company, which contract

formed a part of the assets of the Maryland Insurance
Agency Company, and that the said purpose was communi-
cated to the officers of the Peninsula Trust Company.

And in paragraph four of the agreed statement of facts it
is further stated, at the time of the filing and ratification of
the audit of July 22nd, 1914, the Peninsula Trust Company
was in process of dissolution and liquidation; that in Sep-
tember, 1914, after the payment to the Peninsula Trust Com-
pany by the receivers of the Maryland Insurance Agency
Company of the sum of $1,628.80, the Peninsula Trust Com-
pany, through its trustee, made a distribution among its
stockholders and declared a dividend of 82 per cent.; that
subsequently, to wit, in February, 1916, the said Peninsula
Trust Company, having realized on its other assets, approxi-
mately $20,000, declared a further dividend of 11 per cent.,
and that the Peninsula Trust Company has now in hand
about $2,600 balance left over from all sources.

In *First National Bank* v. *Eccleston,* 48 Md. 145, it was
held, that where a decree has been passed by default without
a hearing on the merits, a Court of Equity has power in the
exercise of a sound discretion to vacate the enrollment in
order to let in a meritorious defense and this may be done
upon petition without a bill of review or an original bill for
fraud. *Straus* v. *Rost,* 67 Md. 478, and cases referred to in
former part of this opinion.

There was nothing upon the face of these notes to suggest
that they were illegal and invalid, and it is alleged in the
petition that neither the receivers nor any of the creditors
had any knowledge of the facts and circumstances at the time
of the ratification of the first audit and were not in a posi-
tion at that time to except to these claims. That it was not
until an audit under the order of Court was made of the
books and records of the company, that the facts were dis-
closed, and upon which the exceptions were based to the sec-
ond audit, and the notes were declared to be invalid.

There is nothing in the case to show or to charge the appel-
lant with laches or delay, in filing the petition. The order

of the Court below sustaining the exceptions to the second audit was passed on the 29th of December, 1915, and the petition in this case to reopen the first audit was filed on the 3rd of January, 1916. The lapse of time, then could not according to the circumstances of the case, be considered, in any way, as a bar to the relief asked to open the enrollment.

In *Herbert* v. *Rowles,* 30 Md. 271, this Court adopted the language of LORD HARWICK in *Kemp* v. *Squire,* 1 Ves. Sr. 205, that the power of the Court to open the enrollment is a discretionary power to be exercised or not according to the circumstances of the case, as being applicable, as well to the time when the petition is to be filed as in other respects. *First National Bank* v. *Eccleston,* 48 Md. 145; *Whitlock Cordage Co.* v. *Hine,* 125 Md. 109.

In this case, it appears, from the agreed statement of facts, that the appellee company "has now in hand about $2,600 balance left over from all sources," a sufficient fund out of which, the amount improperly distributed to it, in the first audit, can be returned to the appellant, for the *bona fide* creditors of the Agency Company.

Being of opinion that the facts and circumstances disclosed by the record in this case were sufficient to warrant the Court below, in the exercise of a sound discretion, to have vacated the enrollment of the order or decree of the first audit dated the 22nd of July, 1914, we shall reverse the order appealed from dismissing the petition and remand the cause for further proceedings. The costs to be paid by the appellee company.

> *Decree reversed and cause remanded, with costs to the appellant.*