CATHERINE CLEMENS BACKUS et al. *v.* VERNON K. REYNOLDS et al.

[No. 13, October Term, 1930.]

*Decided November 19th, 1930.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE and SLOAN, JJ.

*B. Harris Henderson,* for the appellants.

*George Eckhardt, Jr.,* with whom was *George Alfin Eppley* on the brief, for the appellees.

PARKE, J., delivered the opinion of the Court.

Cornelia H. Clemens was born on February 4th, 1925. Her mother, Catherine Clemens, had then been deserted by the husband, from whom she later obtained an absolute divorce. The wife was obliged to work and did not keep house, which made it necessary for her to secure some one to undertake the care and custody of the baby. In response to an advertisement she finally obtained care, board, and lodging for the child in the home of Vernon K. Reynolds and Helen Reynolds, his wife, the defendants, at the rate of five dollars a week, with the privilege of visiting her infant. The arrangement did not prove satisfactory to the defendants, and the parent was notified that she must find another home for her baby. Eventually it was agreed that the baby should be formally adopted by the defendants. This was done on July

26th, 1929. The mother married John Backus on November 28th, 1929, and she and her second husband instituted the present proceedings on December 10th, 1929, to have the decree of adoption annulled on the alleged grounds of mistake, fraud, duress, and a noncompliance with the requirements of the statute of adoption. The chancellor heard the evidence in open court and dismissed the bill of complaint.

The verified petition for adoption was in conformity with the statute, and the chancelor passed a decree making the infant the adopted child of the defendants and changing her surname to theirs.

The parties all lived in Baltimore city; the parents had notice of the proceedings and their written consent to the adoption was filed with the petition, which set forth that the petitioners possessed ample means to provide for the proper support and maintenance and adoption of the infant and to assure her future welfare and happiness; and that the petitioners had become greatly attached to the child. In addition, the petition gave the tender age of the child, her parentage, and the divorce of her natural father and mother, and the placing of the child with the petitioners by the mother. Under these circumstances and procedure, the court had jurisdiction to pass the decree of adoption. *Miller's Equity,* sec. 269; Code, art. 16, secs. 74-79.

The pending bill of complaint to annul the decree was filed after its enrollment. So, in the absence of fraud, surprise, mistake, or irregularity in obtaining the decree, it will not be annulled after enrollment. *Miller's Equity,* secs. 287, 284, 300; *Phelps, Juridical Equity,* sec. 76; *United Lines v. Stevens,* 67 Md. 156, 158; *Straus v. Rost,* 67 Md. 465, 479; *Pressler v. Pressler,* 134 Md. 243, 245, 250; *Tabeling v. Tabeling,* 157 Md. 429, 433.

The testimony in this case affords the plaintiffs no ground for relief.

The witnesses are in conflict upon some minor matters, but the clear preponderance of the evidence is that the natural mother of the infant desired the defendants formally to adopt her infant daughter at a time when she was not in a position

to give the child the requisite care and attention. After having had the legal effect of the adoption fully explained to her, the mother, with the natural father, for the purpose of uniting in a common effort of the parties, consented in writing to the passage of a decree in an immediate proceedings instituted and conducted in substantial compliance with the statute. The pleadings which preceded the decree were deliberately and advisedly begun, conducted and concluded without a trace of fraud, surprise, mistake, or irregularity, and the decree of adoption was the consummation in good faith of what the natural and foster parents had before agreed. Having voluntarily united in a proceeding in equity to procure a decree in the fulfillment of their purpose, the plaintiffs are not at liberty now to repudiate a result, which was sought by agreement, and obtained, as the court finds on the evidence, without any element of coercion, fraud, surprise, mistake, or other equitable ground for relief.

Since the decree the natural mother has remarried, and has a home where she may raise her child. This change in her circumstances and in her attitude to her child does not, however, warrant the rescission of a decree of adoption that was passed in accordance with the previous explicit, deliberate, and voluntary agreement of the natural and foster parents, who had formally invoked the jurisdiction of the court to change the status of the infant to conform to their conclusion as to what was best for the child's welfare. *Holloway v. Safe. Dep. & Trust Co.,* 122 Md. 620, 627, 124 Md. 539, 542-547; *Whitlock Cordage Co. v. Hine,* 125 Md. 96, 102; *Daniell, Chancery Practice* (6th Am. Ed.), 973, 1584, star paging; *Pressler v. Pressler,* 134 Md. 243, 245-250.

The decree determines and measures the rights and obligations of the parties. There is on this record no proof which established that the defendants are not fulfilling their assumed duties to their adopted child, whose welfare may, whenever necessary, become the object of suitable proceedings in equity. Code, art. 16, sec. 80, art. 42, secs. 19, 21.

*Decree affirmed, with costs to the appellees.*