FALCK ET UX. *v.* CHADWICK ET UX.
[No. 134, October Term, 1947.]

462

*Decided May 19, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Joseph D. Weiner* and *Paul J. Bailey* for the appellants.

*A. S. Musgrave* and *Raymond L. Wilkes,* with whom were *Loker & Wigginton* on the brief, for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

Myron H. Chadwick and Shirley Chadwick, his wife, of Brooklyn, New York, petitioned the Circuit Court for St. Mary's County to revoke a decree declaring their infant daughter to be the adopted child of Milton L. Falck and Isabelle H. Falck, his wife, of St. Mary's County. This appeal is from an order overruling a demurrer to the petition.

Petitioners were married in 1942, but they separated about September 1, 1946. They had one son about two years old, and the mother expected the birth of another child in 1947. On account of the separation she considered the desirability of delivering the baby to foster parents immediately after its birth, and she consulted her attorney, Fred Gold, of the New York bar, concerning such an arrangement. She gave birth to the child in the Israel Zion Hospital in Brooklyn March 1, 1947. Gold thereupon notified the Falcks, and within a few days they arrived in New York to get the baby and an agreement of the parents consenting to adoption. The agreement provides: (1) That the Chadwicks consent to the adoption of their daughter for her best interests in view of the estrangement between them for the period of six months; and (2) that the Falcks agree to adopt her, and rear her in the Hebrew faith. The agreement was signed by Chadwick on March 3, by Mrs. Chadwick on March 4, and by the Falcks on March 6. All four parties acknowledged the instrument before Gold. Chadwick's signature was also witnessed by his two attorneys.

The Falcks were given the infant, called Linda Chadwick, on March 6, and they brought her to St. Mary's County. On March 27 they filed their petition for her adoption. They filed the agreement as an exhibit with the petition. They also filed a certificate signed by two

physicians, as required by law when a child under the age of six months is separated from its mother, that it is for the physical good of the infant that she be adopted. Code 1939, Art. 27, sec. 622. The Court thereupon authorized the petitioners to take testimony before an examiner. The testimony shows that Falck, age 35, is a merchant who owns a variety store at Lexington Park, and that he and his wife are suitable persons to have custody of the child. On April 15, when the infant was six weeks old, the Court signed the decree declaring her to be the adopted child of the petitioners and changing her name from Linda Chadwick to Janice Claire Falck.

The petition to revoke the decree of adoption was filed by the Chadwicks on August 11. The petition alleges: (1) That Gold, who arranged all the details for the consent to adoption, induced Chadwick to sign the agreement by coercive representations that the child would be adopted regardless of his objections, and that if he would not consent to adoption he could not obtain reconciliation with his wife, and then he would have neither the child nor his wife; (2) that Gold advised Mrs. Chadwick that the adoption was merely provisional and could not become final and binding for at least six months, at the end of which time she could decide whether or not she wanted to give her final consent to the adoption, and thus the adoption would depend entirely upon her subsequent consent; (3) that on March 3 the Chadwicks became reconciled and they have been living together again with their two-year-old son; and (4) that they requested Gold to return their daughter, but he refused to disclose her whereabouts, and accordingly on April 21 they filed a petition for *habeas corpus* in the Supreme Court of Kings County, New York, whereupon Gold disclosed that the child had been adopted in Maryland.

The chancery statute provides that all final decrees and orders in the nature of final decrees shall be considered as enrolled from and after the expiration of thirty days from the date of the same. Code 1939, Art. 16, sec. 207. In this case the decree had been enrolled

nearly three months when the natural parents filed their petition to revoke. This Court adopted at an early day the English rule that a decree or decretal order cannot be revised or revoked after its enrollment, except by a bill of review for error apparent on the face óf the proceedings, or for some newly discovered evidence, or by original bill for fraud. But we have recognized exceptions to the general rule, where the procedure may be by petition instead of by bill of review or original bill, where the case was not heard upon the merits and the decree was entered by mistake or surprise, or the circumstances are such as to satisfy the Court that the decree should be set aside. *Foxwell v. Foxwell,* 122 Md. 263, 273, 89 A. 494; *Perkins v. Peninsula Trust Co.,* 130 Md. 220, 100 A. 377; *Simms v. Simms,* 178 Md. 350, 13 A. 2d 326; *Bailey v. Bailey,* 181 Md. 385, 30 A. 2d 249; *Green v. Green,* 182 Md. 571, 574, 35 A. 2d 238, 240; *Saltzgaver v. Saltzgaver,* 182 Md. 624, 631, 35 A. 2d 810; *Fetting v. Flanigan,* 185 Md. 499, 45 A. 2d 355, 359; *Graham v. Graham,* 190 Md. 434, 59 A. 2d 180.

This Court still recognizes the general rule applicable to cases alleging fraud, as distinguished from cases alleging mistake or surprise, that an enrolled decree obtained by fraud cannot be revoked except upon original bill alleging fraud. *Thurston v. Devecmon,* 30 Md. 210; *United Lines Telegraph Co. v. Stevens,* 67 Md. 156, 8 A. 908; *Miller, Equity Procedure,* sec. 300. But it is also held as a qualification of the general rule that where a decree has been entered without a hearing on the merits, the court, in the exercise of a sound discretion, may vacate the enrollment on petition instead of on bill of review or original bill for fraud in order to let in a meritorious defense, and the decree may be revoked if it was entered by mistake or surprise and would operate as a fraud. *First National Bank of Washington City v. Eccleston,* 48 Md. 145, 155. The Court recognizes the distinction between a case where a decree is attacked exclusively for fraud in its obtention and a case where fraud is not the real basis of the attack but is alleged as the consequence

of a certain act. *Mallery v. Quinn,* 88 Md. 38, 40 A. 1079. We specifically hold that where a decree has been entered in an *ex parte* proceeding, an order overruling a demurrer to a petition to revoke the decree after its enrollment may be affirmed even though the petition alleges acts which constitute fraud. *Hinden v. Hinden,* 184 Md. 575, 580, 42 A. 2d 120.

In adoption cases, as in other equity proceedings, a decree will not be revoked after it is enrolled in the absence of fraud, mistake, surprise or irregularity in its obtention, but it will be considered as final and binding. *Backus v. Reynolds,* 159 Md. 601, 152 A. 109. The adoption of children, while a practice of great antiquity recognized by the civil law and observed in countries whose jurisprudence is founded on that law, was unknown to the common law. Adoption in Maryland exists only by virtue of statute. *Hillers v. Taylor,* 108 Md. 148, 155, 156, 69 A. 715; *Zimmerman v. Thomas,* 152 Md. 263, 136 A. 637. The Maryland Adoption Act was not passed until 1892. Laws of 1892, ch. 244, Code 1939, art. 16, secs. 78-85. The intention of the Legislature is clear that when the issues in an adoption case have been adjudicated, and the decree of adoption is entered, the adoptive parents thenceforth have the same right to the child's custody that natural parents would have. The Court is not invested with continuous authority in the cause thenceforth to entertain petitions filed from time to time by the natural parents for a new order or for modification of the decree on proof of altered circumstances of either the natural or the adoptive parents. *Waller v. Ellis,* 169 Md. 15, 25, 179 A. 289; *Spencer v. Franks,* 173 Md. 73, 195 A. 306, 114 A. L. R. 263.

In adoption cases, as we have often stated, the primary question to be considered is the welfare of the child. We think this principle should control in this case, at least to the extent of permitting the case to be reopened and the chancellor given an opportunity, after defendants have answered, to determine whether the consent of the parents relied on in the proceedings was intelligently and

voluntarily given. The decree was obtained *ex parte* and was promptly attacked. In the interest of the child and in view of the allegations made, we hold that the chancellor was correct in overruling the demurrer.

> *Order affirmed and cause remanded, with costs.*