JOHN GECHTER *vs.* EVA MARIA GECHTER.

*Practice in Equity— Vacating an Enrolled Decree of Divorce a Mensa et Thoro on the ground of Fraud and Surprise— Hearing on Petition and Answer under Oath.*

A petition to have an enrolled decree of divorce *a mensa et thoro* vacated, on the ground that the decree divorcing the parties was procured by fraud, and was a surprise to the petitioner, was not supported by proof; though affidavits were filed by the petitioner, they were taken without notice to the other party, and without order of Court. The averments of the petition were denied by the answer under oath. HELD :

That so far as the order of the Court below continued an injunction against the appellant to restrain him from disposing of his property pending the litigation, it must be affirmed, but that so far as the order struck out the enrollment and vacated the decree, it must be reversed, and the cause remanded for further proceedings.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J. MILLER, ALVEY and ROBINSON, J., for the appellant, and submitted for the appellee.

*M. Star Weil,* for the appellant.

*H. Tillard Smith* and *Daniel Ratcliffe,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The parties in this appeal were divorced *a mensa et thoro,* by a decree of the Circuit Court of Baltimore City, passed in January, 1878, which decree was duly enrolled.

At the following term, a petition was filed by the appellee, praying the Court to vacate the enrollment of the decree, on the ground of *fraud and surprise,* for leave to appear and answer the bill of complaint, and to enjoin the appellant from disposing of his property pending the litigation.

The appellant in his answer denies under oath, all the allegations set forth in the petition, and prays that the same be dismissed, and the injunction granted upon it be dissolved.

The petition alleges that on the 3rd of October, 1877, she left this country for Germany, with the consent of her husband, for the purpose of receiving a small legacy bequeathed to her by her father, that the day before her departure a person representing himself as a deputy sheriff,

read to her a paper, which owing to her imperfect knowledge of the English language, she was unable to understand—that she asked her husband what it meant, and he told her that it did not amount to anything.

That after transacting her business in Germany, she returned to this country, and upon her arrival here, she was surprised to find that a divorce had been obtained by her husband during her absence, that she had no *previous knowledge or intimation of any kind*, that proceedings to that end had been instituted against her, and that she had always conducted herself in a proper and becoming manner as a wife, &c.

The record shows that an *interlocutory decree* was passed for want of an *appearance* on the part of the petitioner, and under it an *ex parte* commission was issued to take testimony.

Assuming these averments to be true, they show not only that the decree divorcing the parties was procured *by fraud*, but that it was *also a surprise* to the appellee; and the power of the Court to vacate it upon these grounds, cannot, since the decision of *Herbert vs. Rowles*, 30 *Md.*, 271, be considered an open question.

The averments, however, having been denied by the answer of the appellant, it was incumbent on the petitioner to support them by proof.

So far as the record discloses, the order of the Court striking out the enrollment, and vacating the decree of divorce was passed upon *the petition* of the appellee.

It appears by the diminution record, that certain affidavits were filed by the appellee in support of her petition, but these affidavits were taken without *notice* to the appellant, and without *the order* of the Court, and could not therefore be considered at the hearing. *Stockton vs. Jones*, 10 *G. & J.*, 279.

The order of the Court below so far as it directs the enrollment of the decree of divorce to be stricken out,

vacated and annulled must be reversed, because there is no evidence in the record to support the averments in the appellee's petition.

Inasmuch, however, as the appellee may be entitled to the relief prayed, and may be able to sustain the allegations in her petition, we shall remand this case for further proceedings under Article 5, sec. 28, of the Code.

The order of the Court, therefore, vacating and annulling the decree of divorce, must be reversed, but so much of the order as continues the injunction against the appellant will be affirmed.

> *Order affirmed in part, and*
> *reversed in part, and*
> *cause remanded.*

(Decided 25th March, 1879.)