## V. C. DOWNES *vs.* DANIEL FRIEL, next friend of ANN E. DOWNES and RICHARD A. DOWNES.

*Practice in Equity—Appeal—Review of a Decree—Proceeding under Art. 16, sec. 99, of the Code, for the Sale of Land in which Infants are Interested—Record.*

Where an appeal was taken on the 16th January, 1877, from a decree passed on the 25th May, 1876, and the transcript of the record was not transmitted to this Court till the 1st April, 1881, the appeal was not prosecuted in time, as required by Rule 10, and must be dismissed.

A decree cannot be reviewed and vacated upon petition, after the term has elapsed, and it has been enrolled. This can only be done by a bill of review, or by an original bill for fraud. The exceptions to this rule are in cases not heard upon the merits, and in which it is alleged that the decree was entered by mistake or surprise, or under such circumstances as shall satisfy the Court, in the exercise of a sound discretion, that the enrollment ought to be discharged and the decree set aside.

In a proceeding under Art. 16, sec. 99, of the Code, for the sale of lands in which minors and others are interested, the minors should be made complainants by their next friend.

In disposing of a case, this Court is confined to the record as transmitted from the Court below.

Downes *vs.* Friel, next friend.

APPEAL from the Circuit Court for Queen Anne's County, in Equity.

The case is stated in the opinion of the Court. The deed of the 7th May, 1860, therein referred to, provided, that after the termination of the life estate of Myra E. Downes, the wife of R. E. C. Downes, grantor in the deed, the property conveyed should go to the children of the said Myra E. Downes by her husband R. E. C. Downes, and to the children of the said R. E. C. Downes, in fee simple. It appeared that R. E. C. Downes was twice married; by his first wife he had two children living at the time the deed was made, one of whom is the appellant, and the other, Richard C. Downes, also living; and two by his last wife, born after the deed was made, the minors in this cause.

The cause was submitted on briefs to BARTOL. C. J., MILLER, GRASON, ALVEY and IRVING, J.

*V. C. Downes,* the appellant, *in propria persona.*

*Thomas J. Keating,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

There are two appeals in this record. The *first* is from the decree passed on the 25th day of May 1876, directing the sale of certain lands mentioned in the proceedings. This appeal was taken on the 16th day of January 1877, but was not prosecuted in time; the transcript of the record not having been transmitted to this Court until April 1st 1881.

It is expressly provided by rule 10, (29 *Md.,* 4,) that "all transcripts of records on appeals from Courts of equity shall be made and transmitted to the Court of Appeals within six months from the time of the appeal prayed." In this case nearly six years elapsed before the

transmission of the record. No legally sufficient reason has been shown by the appellant for this delay, the motion to dismiss the appeal must therefore prevail.

The *second* appeal is from the order of the Circuit Court passed on the 22nd day of December 1880, dismissing the petition of the appellant, filed on the 30th day of July 1880.

The petition was as follows:

" The petition of V. C. Downes, one of the defendants in the above cause, respectfully sets forth, that he is advised that the decree and the proceedings under which it was passed are irregular and erroneous, as appears on their face :

" 1st. Because the Court by which the decree was passed had no jurisdiction to decree the sale of the real estate mentioned and described in the proceedings.

" 2nd. Because the said real estate belonged to your petitioner.

" 3rd. Because the proceedings are irregular and erroneous upon their face.

" 4th. Because on account of such irregularity, the real estate sold greatly below its value.

" 5th. And because the purchasers of said real estate have not, and cannot have a good and valid title to the same, on account of said irregularities appearing on the face of said proceedings ; and for other good and sufficient reasons, your petitioner prays that the said decree may be annulled, and that he may have such relief as his case may require," &c.

Nothing is better settled than that a decree cannot be reviewed and vacated upon *petition*, after the term has elapsed, and it has become enrolled. This can be done only by a bill of review, or by an original bill for fraud, *Burch vs. Scott,* 1 *G. & J.*, 393. The exceptions to this rule are " in cases not heard upon their merits, and in which it is alleged that the decree was entered *by mis-*

*take or surprise,* or under such circumstances as shall satisfy the Court, in the exercise of a sound discretion, that the enrollment ought to be discharged and the decree set aside." *Herbert vs. Rowles,* 30 *Md.,* 278. It is clear that this case does not fall within the exception. The petition does not allege there was fraud, mistake, or surprise in entering the decree. It appears by the record that the appellant was regularly summoned, and failing to appear and answer, an interlocutory decree was entered against him and the other adult defendants.

After the testimony had been taken and returned, the following agreement was filed on May 26th 1876 :

"DANIEL FRIEL, next friend     In the Circuit Court for
         *vs.*                  Queen Anne's County,
R. E. C. DOWNES, and others.       in Equity.

"It is agreed, that the papers in this cause be submitted to the Court for a decree, without argument."

(Signed,)       THOS. J. & B. P. KEATING,
                   *Solicitors for Complainant.*

           J. B. & E. H. BROWN,
                   *Solicitors for Defendants.*

It is not alleged or suggested that the Messrs. Brown were not authorized to appear as solicitors for the appellant and the other adult defendants.

So far as the appellant is concerned, the decree appears to have been passed by the consent of his solicitors, and without controversy or dispute. No surprise or mistake is alleged, and from what appears in the record, there is no ground for such allegation. The decree has been executed, the property sold, and after the lapse of more than four years from the date of the decree, the petition of the appellant was filed, asking that the decree be rescinded.

The solemn decree of a Court cannot be dealt with in that way. "Being enrolled, it must be allowed to stand for what it purports to be on its face, until revised or reversed in a more solemn manner than can be done by petition." *Thruston vs. Devecmon*, 30 *Md.*, 217. In the same case it was said "that the only proper modes recognized by law, for reversing or annulling a decree after enrolment, in the absence of surprise or irregularity in obtaining it, are by *bill of review* for errors apparent on the face of the proceedings, or for some new matter discovered since the decree was passed, or by original bill for fraud." 1 *G. & J.*, 393 ; 5 *Gill*, 256 ; 1 *Md. Ch. Dec.*, 455.

For these reasons the petition was properly dismissed by the Circuit Court.

It is clear that the petition cannot be treated as a bill of review. But if it could be so treated, it was filed too late, as more than nine months had elapsed after the date of the decree, as was decided in *Berrett vs. Oliver*, 7 *G. & J.*, 207 ; *Bowie vs. Berry*, 1 *Md. Ch. Dec.*, 452.

With respect to the averments contained in the petition, it may be observed :

1st. That the appellant is in error in asserting that the property mentioned in the proceedings belonged to him. There can be no doubt as to the true construction of the deed of May 7th 1860, and the Circuit Court correctly determined that Ann E. Downes, and Richard A. Downes, minor children of Myra E. Downes, were each entitled as tenants in common, to an undivided fourth part in fee simple, of the property described in the deed.

2nd. The Circuit Court had jurisdiction of the subject-matter of the suit, and power to decree a sale upon proof, that the lands could not be divided among the parties entitled, without loss and injury, and that it would be for their interest that the lands should be sold, there being sufficient allegations in the bill of those facts. *Tomlinson vs. McKaig*, 5 *Gill*, 256 ; *Billingslea vs. Baldwin*, 23 *Md.*,

86; *Earle vs. Turton*, 26 *Md.*, 23. Art. 16, sec. 99, of the Code provides, "the Court may decree a partition of lands, &c., on the bill or petition of any joint tenant, tenant in common, or any parcener, or any concurrent owner, whether claiming by descent or purchase; or if it appears that the said lands, &c., cannot be divided without loss or injury to the parties interested, the Court may decree a sale thereof, and a division of the money arising from such sale among the parties, according to their respective rights," &c. This section applies among others to a case like this, where some of the parties are of full age, and some are minors.

The section provides that a decree may be passed on the bill or petition of "any joint tenant, tenant in common, or any parcener, or any concurrent owner." It contemplates that the suit must be in the name of one or more of the persons entitled. If these are minors, the proper form of action is in their names as complainants by their next friend. In this case, this form was not pursued, the bill was filed in the name of Daniel Friel, next friend of Ann E. and Richard A. Downes, minors; these were made parties defendants, and answered by guardian appointed for that purpose. In this respect, the proceeding was irregular, and not in conformity with the Code. But this irregularity by no means authorizes the Court to rescind and annul the decree after the term has passed, upon the petition of the appellant.

Since the case was submitted in this Court, several papers have been filed by the appellant; among them is an affidavit made by him in open Court, stating that "the decree was obtained and passed by mistake of counsel." This departure from the regular course of proceeding in the appellate Court, has doubtless resulted from the fact that the cause has been conducted by the appellant in person, without the aid of counsel. But neither the affidavit nor the other papers containing allegations of new

matter not appearing in the record, can be considered by us. In disposing of the case, we are confined to the record as transmitted from the Circuit Court.

For the reasons stated, the appeal from the decree taken on the 16th day of January 1877, must be dismissed ; and the order passed by the Circuit Court on the 22nd day of December 1880 will be affirmed, and the cause remanded.

*Order affirmed, and*
*cause remanded.*

(Decided 9th February, 1882.)