ALOYSIUS P. SIMMS *v.* LENA M. SIMMS

[No. 38, April Term, 1940.]

*Decided May 23rd, 1940.*

The cause was argued before OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*Arthur E. Briscoe,* for the appellant.

*S. Albert Mickler* and *Young & Crothers,* submitting on brief, for the appellee.

MITCHELL, J., delivered the opinion of the Court.

By docket entries appearing in the record, it is shown that on July 1st, 1935, the appellant filed in the Circuit Court of Baltimore City a bill of divorce *a vinculo matrimonii,* against the appellee. The case was docketed as Al Simms v. Lena Simms, but as shown by the petition to which reference is heinafter made, the true names of the parties, respectively, are Aloysius P. Simms and Lena M. Simms.

An order of publication was published against the defendant, who failed to appear to the suit, and in due course a decree *pro confesso* was passed, testimony taken in support of the allegations of the bill, and a decree of divorce as prayed granted, as of November 4th, 1936.

On December 20th, 1939, the defendant in the above proceedings appeared, and filed a petition which, in substance, sets out the following allegations: (a) That the above bill filed by her husband alleged that she had abandoned the plaintiff on March 15th, 1930, and that said abandonment had continued uninterruptedly since that date; (b) that the plaintiff was then and had for more than two years been a resident of Baltimore City, and that the defendant (petitioner) was a non-resident of the State of Maryland, and (c) that the petitioner had no knowledge of said divorce proceedings until in June, 1937, at which time she instituted proceedings in the District Court of the United States for the District of Columbia against the complainant, praying, among other things, for alimony *pendente lite* and permanent, which suit she continued to prosecute until the month preceding the filing of said petition, when she was advised that a proceeding to have the said divorce decree annulled and vacated, in the court which had passed the decree, rather than further prosecuting her suit in the District Court of the United States for the District of Columbia, would, under the facts, be the expedient course for her to pursue.

The petition further submits that the Circuit Court was without jurisdiction to consider the bill of complaint or to pass the aforesaid decree, for reasons as follows: (1) That ever since the marriage of the parties, which occurred on June 4th, 1912, both of them have continuously resided in the District of Columbia, and (2) that the filing of said bill of complaint was, in effect, a gross fraud practiced upon the Circuit Court as well as a fraud and surprise practiced upon the petitioner and her rights, in that both of the parties in the suit were, at the time it was instituted and prosecuted, non-

residents of the State of Maryland. It is then set forth therein that the complainant in the divorce proceedings abandoned and deserted the petitioner some time during the year 1931, and that testimony in the case, as submitted to the chancellor who passed the decree, was falsified as to the residence of the respective parties and in other respects, all of which information the petitioner had acquired on or about the month of October, 1939.

An order *nisi* was passed on the petition, served on appellant's counsel of record, and thereafter a demurrer was filed by the appellant on the grounds, (1) that a bill of review or original bill and not a petition would be the appropriate proceeding; (2) that no allegation of change of status or parties to the proceedings was alleged, and (3) laches.

Upon a hearing on the demurrer, the same was overruled, the chancellor ordering that the complainant in the divorce proceedings be required to answer the petition under oath. From that order this appeal was taken.

Section 201 of article 16, of the Code of Public General Laws of this State, provides that all final decrees, and orders in the nature of final decrees, shall be considered as enrolled from and after the expiration of thirty days from the date of the same. And the general rule is that a decree or decretal order, after enrollment, can be revised or annulled only by a bill of review or original bill for fraud, and not by a petition. In other words, after a decree is enrolled, it is, ordinarily, allowed to stand for what it purports to be on its face, until revised or reversed in a more solemn manner than can be done by petition. *Thurston v. Devecmon*, 30 Md. 210; *Downes v. Friel*, 57 Md. 531; *Trayhern v. Nat. Mech. Bank*, 57 Md. 590; *Miller's Equity Procedure*, sec. 287. But, as set forth in section 288 of the latter authority: "There are certain well defined exceptions to the general rule, equally well established as the rule itself, in which this procedure may be by petition instead of by bill of review or original bill. These exceptions are three in number: 1. In cases not heard upon the merits. 2.

Where the circumstances are such as to satisfy the court that the decree should be set aside. 3. Where the decree was entered by mistake or surprise."

In the case of *Whitlock Cordage Co. v. Hine,* 125 Md. 96, 93 A. 431, 434, the late Chief Judge Boyd, after a careful review of the decisions of this court upon the question, observed that it is not always easy to determine under the authorities when a petition to rescind an order, or set aside a decree, which has been enrolled, should be entertained. However, it was there stated: "In *First Nat. Bank v. Eccleston,* 48 Md. 145, it was held that the enrollment of a decree passed by default, without a hearing upon the merits, may be vacated, to let in a meritorious defense, upon petition, without a bill of review or an original bill for fraud. In *Gechter v. Gechter,* 51 Md. 187, it was said that the power of the court to vacate under a petition a decree not only alleged to be procured by fraud, but which was also a surprise to the party, cannot be considered an open question, since the decision of *Herbert v. Rowles* [30 Md. 271]." It may be added that the petition in *Gechter v. Gechter, supra,* among other things,. prayed the court to vacate the enrollment of a decree for divorce *a mensa et thoro,* as above indicated, upon the grounds of both fraud and surprise. See *Tabeling v. Tabeling,* 157 Md. 429, 146 A. 389; *Miller v. Mitnick,* 163 Md. 113, 161 A. 157; *Foxwell v. Foxwell,* 122 Md. 263, 89 A. 494, 497.

In the latter case, which bears analogy to the instant case, this court, in upholding the right to review an enrolled decree of divorce upon petition, made the following comment: "The reason for permitting the setting aside or the annullment of decrees which are entered by mistake or surprise, or under such circumstances as to satisfy the court, in the exercise of a sound discretion, that the enrollment ought to be set aside, exists even more strongly in divorce proceedings that in other cases to which the rule is applied."

It follows, therefore, that under the facts in this case, the right to raise the question as to the validity of the

divorce decree was, in our opinion, properly submitted to the chancellor by petition, notwithstanding that it could also have been raised by a bill of review or original bill for fraud.

Nor do we think, under the facts and circumstances set forth therein, and admitted by the demurrer, the delay in filing the petition, after the petitioner acquired knowledge that her husband had procured a divorce from her in June, 1937, was unreasonable. She first acquired knowledge of the divorce after she had instituted proceedings in the District Court of the United States for the District of Columbia, wherein she sought alimony from her husband because of his abandonment and non-support. The suit, she alleges, she continued to prosecute until within a "month or thereabouts" before she filed the petition now under consideration, upon advice that due to the defense of divorce set up in the District of Columbia case by the appellant, the relief which she now seeks was available to her.

In *First Nat. Bank v. Eccleston, supra,* Judge Miller referred to the fact that in *Herbert v. Rowles* the decree was passed in July, 1865, and a petition to vacate its enrollment was not filed until April, 1866, although the pendency of the proceedings was known to the petitioner's counsel, and added, "yet it is plain from the opinion in that case, that this lapse of time would not have been considered a bar to the relief," if sufficient ground for it had been shown. He then said: "We there adopted what was said by Lord Hardwicke in *Kemp v. Squire,* 1 Ves. Sen. 205, that the power of the court to open the enrollment is a discretionary power to be exercised or not according to the circumstances of the case, as being applicable, as well to the time when the petition is to be filed as in other respects."

As to the remaining objection, to the effect that the petition fails to aver that nothing has arisen or intervened, whereby substantial rights have accrued to innocent third parties since the passage of the decree of divorce referred to in the petition, and whereby irrepar-

356

able injury or injustice would arise through righting the alleged wrong suffered by the petitioner, we deem it unnecessary to comment, further than to state that there is nothing in the record before us to warrant our consideration of such a contingency.

*Order affirmed, with costs to the appellee, and case remanded.*