## WALTER WYAHLLYETH *v.* MARGARET E. WYAHLLYETH

[No. 56, April Term, 1940.]

418

*Decided May 23rd, 1940.*

The cause was argued before OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*Jere J. Santry,* for the appellant.

*Irving B. Grandberg,* for the appellee.

SLOAN, J., delivered the opinion of. the Court.

On September 28th, 1937, Walter Wyahllyeth filed a bill for absolute divorce, on the ground of abandonment, against his wife, Margaret E. Wyahllyeth, who, he alleged, had deserted him in September, 1932; that she was "a nonresident and when last heard from was living

in New York City, New York." The defendant was summoned by publication, and on her failure to appear and answer, a decree *pro confesso* was passed, testimony taken before an examiner, the case referred to a master, and on January 8th, 1938, the plaintiff granted a decree of divorce.

On December 6th, 1938, the defendant filed a petition praying the court for an order to strike out the decree and allow her to file an answer to the bill of complaint.

The plaintiff demurred to the petition and gave as grounds of demurrer that the petition did not show that the decree, which became enrolled February 10th, 1938, was granted as a result of any legal mistake, fraud, or irregularity, and that it showed on its face that the parties had been living apart more than three years, that he was a resident of Baltimore, and she of New York when the bill was filed. The demurrer was overruled, and an answer filed, which was a repetition of the matters alleged in the demurrer. Testimony in support of the petition was taken, and an order passed vacating the decree of January 8th, 1938, and allowing the defendant thirty days to answer, from which the plaintiff appeals.

In the petition and affidavit of the defendant annexed to the petition as part of it, the defendant stated that the parties were married at Washington, D. C., March 11th, 1903, and lived together continuously until 1932, at which time they resided in New York, when, the petitioner said, her husband had abandoned her, saying he was going to Baltimore to work, and that he was leaving her. She heard from him occasionally, and at various times, until about the year 1936, he sent her small sums of money. She says that each of them had a house at Keansbury, New Jersey, which were located near each other. She was employed in New York, and went to Keansbury over week-ends, and at the same time he was living in his house with another woman. In spite of this they saw each other frequently, and seem to have accepted the situation as a matter of course. She says in the affidavit, "During the months of June, July, August, September and October, 1937, your deponent saw her husband every

week, spoke to him and discussed various matters with him and that at no time did he mention the fact that he had instituted divorce proceedings in Baltimore, Maryland, and that the action was then pending." The bill for divorce was filed September 28th, 1937. She says that when the bill was filed, and for a long time prior thereto, his place of residence was Keansbury, New Jersey. The way she learned about the divorce decree was that in August, 1938, she commenced a "separation action," against her husband in New Jersey, and, on October 25th, 1938, her husband, the defendant there, set up, as a defense, the decree obtained by him in Baltimore, January 8th, 1938, and shortly thereafter she came to Baltimore to see what could be done about it.

Ordinarily an enrolled decree can only be set aside on a bill of review or an original bill for fraud (*Miller's Eq. Proc.* 357, 358), and not by petition filed in the case where the decree was filed. There are, however, exceptions: "(1) In cases not heard upon the merits; (2) where the circumstances are such as to satisfy the court the decree should be set aside; and (3) where the decree was entered by mistake or surprise." *Whitlock Cordage Co. v. Hine*, 125 Md. 96, 102, 93 A. 431, 433; *Tabeling v. Tabeling*, 157 Md. 429, 433, 146 A. 389; *Simms v. Simms*, 178 Md. 350, 13 A. 2nd 326.

It is not uncommon in the courts of this state, after a decree *pro confesso*, and before a final decree, on petition of the defendant, to strike out the decree *pro confesso*, and allow proper defenses to be made. Practically we have the same situation here; the status and condition of the parties has not changed. If what the petitioner says is true, the plaintiff imposed upon the court; if not true, then in a hearing on the merits he would be vindicated.

In our opinion this case comes clearly within the exceptions in *Whitlock Cordage Co. v. Hine, supra,* and the case should be heard on the merits, as the chancellor held.

*Order affirmed with costs, and case remanded.*