## SHANNON BAILEY *v.* ELLA BAILEY

[No. 7, January Term, 1943.]

*Decided February 11, 1943.*

The cause was argued before SLOAN, DELAPLAINE, COLLINS, MARBURY, GRASON, and MELVIN, JJ.

*Louis E. Macht* for the appellant.

No appearance and no brief filed for the appellee, but *J. Howard Payne* appeared on the record.

Delaplaine, J., delivered the opinion of the Court.

On October 3, 1941, a decree was signed by Judge J. Abner Sayler in the Circuit Court of Baltimore, dismissing a bill of complaint filed by Ella Bailey, praying for divorce and alimony from her husband, Shannon Bailey, The bill was dismissed without any hearing on the merits or argument of counsel. On January 12, 1942, Judge Sayler inserted the words "without prejudice" in the decree. Bailey thereupon petitioned the court to strike out these words from the decree. From an order dismissing his petition, he brings this appeal.

At an early day in England, when the courts possessed unrestricted power to make amendments to their records, they exercised the power so recklessly that the King issued this admonition to correct the abuse: "Although we have granted to our Justices to make record of pleas pleaded before them, yet we will not that their own records shall be a warranty for their own wrong, nor that they may raze their rolls, nor amend them, nor record them contrary to their original enrollment." Blackstone remarked that this declaration meant that the justices could not, by their own private erasure, change a record already made up or alter the truth for any sinister purpose. 3 *Blackstone's Commentaries,* 408; *Wight v. Nicholson,* 134 U. S. 136, 10 S. Ct. 487, 489, 33 *L. Ed.* 865, 869. Even trivial clerical mistakes at common law were fatal to the pleader, and this strict rule applied to all proceedings after they became enrolled, for then the roll was the final record. However, the courts were given authority by the Statutes of Amendment to amend clerical errors in judgments at any time. 1 *Alexander's British Statutes,* Coe's Ed., 229, 310, 315.

In Maryland it is well established that before a decree is enrolled, it is entirely subject to the control of the

court, and may be revised or revoked on petition. *Norris v. Ahles,* 115 Md. 62, 80, 80 A. 654. It was originally held that a decree of the Court of Chancery of this State was considered as enrolled at the expiration of the term during which the decree was entered. *Burch v. Scott,* 1 Gill & J. 393, 426. But the rule was afterwards adopted in Maryland that all final decrees and orders in the nature of final decrees shall be considered as enrolled from and after the expiration of thirty days from the date of the same. Code, 1939, Art. 16, Sec. 207. The question raised by this appeal is whether Judge Sayler had the power to amend the decree after it became enrolled. It is a general rule that a court of equity cannot revise or revoke a decree after it is enrolled, except upon a bill of review for error apparent on the face of the decree or for newly discovered evidence, or upon original bill for fraud. After a decree is clothed with the solemnity of enrollment, it must be allowed to stand for what it purports to be on its face, except for merely clerical or accidental errors, until it is revised or revoked in a more solemn and formal manner than can be done on petition. *Thruston v. Devecmon,* 30 Md. 210, 217; *Rice v. Donald,* 97 Md. 396, 400, 55 A. 620; *George Long Contracting Co. v. Albert,* 116 Md. 111, 114, 81 A. 265. But the general rule has three exceptions where the procedure may be by petition: (1) Where the case was not heard on its merits, (2) where the decree was entered by mistake or surprise, and (3) where the circumstances satisfy the court in the exercise of a sound discretion that the enrollment ought to be discharged and the decree set aside. *Straus v. Rost,* 67 Md. 465, 479, 10 A. 74; *Foxwell v. Foxwell,* 118 Md. 471, 84 A. 552; *Foxwell v. Foxwell,* 122 Md. 263, 273, 89 A. 494; *Simms v. Simms,* 178 Md. 350, 13 A. 2d 326. In the instant case a bill of review or original bill was obviously unnecessary as the case was not heard on its merits.

The appellant relied on General Equity Rule 49, which provides: "Clerical mistakes in decrees or decretal or-

ders, or errors arising from any accidental slip or omission, may, at any time before the enrollment of such decrees or orders, be corrected by order of the court or judge thereof upon petition, without the form or expense of a rehearing." Code, 1939, Art. 16, Sec. 208. It was argued that since this rule authorizes the correction of clerical mistakes at any time before enrollment, the courts have no power to make any correction after enrollment. But we cannot hold that the Legislature, in enacting this rule, intended by implication to abridge the inherent power of courts of record to correct at any time clerical errors, deficiencies of form, inadvertent omissions or obvious mistakes in their records, as distinguished from judicial errors. In making such a correction, it is unnecessary to pass a new decree, for the court merely directs the clerk to produce the original decree so that the correction can be made in the presence of the court. *Lovejoy v. Irelan,* 19 Md. 56; *Pfeaff v. Jones,* 50 Md. 263, 269. As a court of equity has inherent power to correct errors in its records whereby they fail to express the truth in regard to its proceedings, it may amend a final decree after its enrollment by inserting words which were omitted by inadvertence or mistake and which are necessary to express the court's intention and give proper effect to the remedy intended to be given. This power was recognized by the Supreme Court of Illinois as follows: "The court may, even after the expiration of the term at which a judgment was rendered, correct or amend the entry thereof so as to make it conform to the judgment which the court actually rendered. * * * Any amendments permissible under the statute of amendments and jeofails may be proper at a subsequent term, and this applies both to judgments at law and decrees in chancery." *Moore v. Shook,* 276 Ill. 47, 114 N. E. 592, 594. We hold that a court of equity has inherent power, upon petition or motion, to correct obvious errors in a decree or decretal order at any time, even after its enrollment, and this power is not

abridged by statute. *Primrose v. Wright,* 102 Md. 105, 108, 62 A.. 238; *Whitlock Cordage Co. v. Hine,* 125 Md. 96, 108, 93 A. 431.

The appellant also cited General Equity Rule 50, which provides that no rehearing shall be granted after the enrollment of a decree or decretal order. Code, 1939, Art. 16, Sec. 209. However, no hearing is required when the amendment relates merely to a matter of form based solely upon the record, and does not necessitate a resubmission of the case, but involves simply the rendition of the decree as it should originally have been rendered. Of course, a court will ordinarily not make any material amendment of a decree, where the error or deficiency is of substance, without a rehearing on petition before enrollment, or a rehearing on bill of review or original bill after enrollment. But the court has power to correct or amend a decree summarily either as to clerical errors or by the insertion of words which should have been included in the decree as a matter of course as necessary and proper to give effect to the decision of the court. *Bull v. International Power Co.,* 84 N. J. Eq. 209, 93 A. 86; affirmed, 85 N. J. Eq. 206, 96 A. 364.

We recognize that the power to make *nunc pro tunc* entries to make alterations or supply omissions in decrees must be exercised with great caution by the courts. Otherwise, their exercise of the power would tend to lessen the verity and destroy the sanctity of their own records. Consequently, while an equity court has the power to amend an enrolled decree where the error to be corrected is not substantial, this power should not be exercised in any case where there is the least room for doubt about the facts upon which the amendment is sought to be made. But when the facts stand undisputed, and it is desired to make a change of form and not of substance, it would be contrary to the spirit which pervades the administration of justice in the present day, and contrary to the law established by the courts of this country, to sustain an objection based solely upon the

technical point that the decree has been enrolled. *Wight
v. Nicholson,* 134 U. S. 136, 10 S. Ct. 487, 490, 33 *L. Ed.*
865, 869.

If a bill of complaint is dismissed after a hearing on
its merits, the decree of dismissal is a bar to any other
suit brought for the same cause of action. It is true that
when a decree of dismissal is unqualified, the presump-
tion is that the issues were disposed of on their merits,
and therefore they become *res judicata.* So when a dis-
missal is not upon the merits, the decree should contain
the words "without prejudice" in order to reserve to the
complainant the privilege of asserting his rights in a sub-
sequent action, if, however, a bill of complaint has not
been heard on its merits, but is dismissed under a rule
for further proceedings, it is not necessary to qualify
the decree of dismissal by stating expressly that it is
without prejudice to the rights of the complainant. For
it is only when the court has determined that the com-
plainant has no right to the relief prayed in the bill
that a decree of dismissal operates as a bar to other
proceedings for the same cause of action. *Cross v. Cohen,*
3 Gill 257, 274; *Royston v. Horner,* 75 Md. 557, 565, 24
A. 25; *Martin v. Evans,* 85 Md. 8, 36 A. 258; *Fledder-
man v. Fledderman,* 112 Md. 226, 239, 76 A. 85. At the
hearing on the petition now before us, Judge Sayler,
called to testify on the witness stand, explained: "No
testimony had been produced before me, and it seemed
to me that justice would be accomplished in a better way
by adding the words in order to give the complainant
her day in court." As the instant suit was not heard on
its merits, but was dismissed on account of the com-
plainant's failure to appear for hearing, the insertion of
the words "without prejudice" in the decree did not con-
stitute a correction of substantial error by reconsidera-
tion of the case and review of the decision, but was
merely an amendment to clarify the decree by making it
conform unmistakably to the decision which had actu-
ally been rendered.

Inasmuch as Judge Sayler did not abuse his discretion in inserting the words "without prejudice" in the decree, the order of the court below dismissing the appellant's petition to strike these words from the decree will be affirmed.

*Order affirmed, with costs.*