## LOUIS A. HINDEN *v.* YETTA HINDEN

[No. 32, January Term, 1945.]

*Decided April 12, 1945.*

The cause was submitted to MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, HENDERSON, and MARKELL, JJ.

*William Sinsky* on the brief for the appellant.

*Rome & Rome, Nathan Hamburger* and *Edwin Otten-heimer* on the brief for the appellee.

MELVIN, J., delivered the opinion of the Court.

This appeal is from an order of Circuit Court No. 2 of Baltimore City overruling appellant's demurrer to appellee's amended petition filed November 8, 1944, to set aside for fraud a decree of divorce obtained by the former in that court on April 7, 1943.

The material allegations of this petition are: That on January 6, 1943, the appellant, Louis A. Hinden, filed his bill of complaint against the petitioner, Yetta Hinden, for a divorce *a vinculo matrimonii,* in which he alleged that the parties were married on December 27, 1923; that they had two children born to them; that the plaintiff was a resident of Baltimore City, Maryland, for more than one year immediately preceding the filing of the bill of complaint; that the defendant was a non-resident of the State of Maryland and when last heard of by the plaintiff resided at No. 3110 Tulip Street, Philadelphia, Pa.; that the defendant abandoned the plaintiff on June 20, 1941; that upon the filing of this bill of complaint an order was passed and a certified copy of

it was sent by registered mail to the defendant at 3110 Tulip Street, Philadelphia; that this letter was returned by the post office "undelivered"; that after the taking of testimony a decree of divorce *a vinculo matrimonii* was passed in these proceedings on April 7, 1943; that the petitioner, Yetta Hinden, had no knowledge or information of said decree or of these proceedings until April, 1944, when she heard through a friend that the plaintiff had started a divorce suit in Baltimore, Maryland; that this court was without jurisdiction to entertain said bill of complaint or to pass the said divorce decree because (1) the plaintiff, Louis A. Hinden, was not a resident of the State of Maryland for one year next preceding this application for divorce; and (2) he knew that the petitioner resided at No. 5642 Arlington Street, Philadelphia, at the time of filing his bill of complaint, and that the petitioner never lived at or near No. 3110 Tulip Street, Philadelphia, Pa.; that said decree of divorce was obtained by fraud and surprise practiced upon the petitioner, and was a fraud upon the court in that, among other things, while the alleged cause for divorce occurred out of the State of Maryland, neither of the parties resided within this State for one year next preceding the application for divorce, and that the plaintiff stated under oath in the bill of complaint a fictitious and incorrect street address for the defendant, thereby causing her to receive no notice of the divorce suit; that the defendant, petitioner, had a meritorious defense to the plaintiff's cause of action in that she did not desert or abandon the plaintiff at any time but that on June 20, 1941, the alleged date of the defendant's abandonment, the parties were living as husband and wife at 5642 Arlington Street, where the petitioner continued to live with her two children; that on July 20, 1941, the plaintiff, without just cause or reason, deserted and abandoned the petitioner, which desertion and abandonment by him have continued uninterruptedly since that date.

To this amended petition the appellant filed a demurrer on the grounds, in substance, that the decree was not

entered or enrolled "by any mistake, surprise or fraud apparent upon the face of the record or the petition"; that the petition fails to set forth any facts from which the court could infer that the decree "was a result of any legal error, surprise or mistake"; that the petitioner has been slumbering on her rights, if any she had, instead of making a proper defense at the proper time, the petition having been filed some fifteen months after the decree had become enrolled; that because of laches the petitioner is estopped from attacking the decree.

The Chancellor overruled this demurrer, with leave to answer, having previously sustained a demurrer to the original petition filed on July 12, 1944. The appellant chose not to answer, but to rely on the alleged legal insufficiency of the amended petition.

In so doing, he became subject to the admission of the following facts charged against him: (1) Neither he nor the defendant (appellee) resided within the State of Maryland for one year next preceding the application for divorce; (2) he (appellant) knew the actual street address of the appellee at that time (5642 Arlington St., Philadelphia), and further knew that she never lived at or near 3110 Tulip St., Philadelphia, at which latter address he stated he last heard of her; (3) notwithstanding this knowledge of appellee's place of residence, he stated, under oath, in his bill of complaint a fictitious and incorrect street address, thereby causing the defendant to receive no notice of the divorce suit; (4) the appellee had no knowledge or information of said decree or of said divorce proceedings until April, 1944; (5) on June 20, 1941, these parties were living as husband and wife at 5642 Arlington St., Philadelphia, where the appellee has continued to live with her two children; (6) the wife (appellee) did not desert the husband (appellant) at that or any other time, but on July 20, 1941, the latter deserted the former, and this desertion has continued uninterruptedly since that date.

That the foregoing facts admitted by the demurrer are sufficient, if proved, to entitle the petitioner (appel-

lee) to the relief prayed is settled beyond all question by numerous decisions of this Court. Two recent cases, particularly, are directly in point as to all the issues raised by the demurrer in the instant case, and need only to be cited to show the complete untenability of the appellant's position here.

The first point raised by appellant's argument—both sides submitted on brief—is that "the Court should not, upon mere petition, inquire into the validity of the decree of divorce. The proper proceeding, if the grounds asserted were sufficient, would be by an original bill of complaint in a court of equity. * * * It is settled that when a decree of divorce has become enrolled, it is not sufficient to allege by petition, that the decree was based on perjured testimony."

This point is completely answered and disposed of in the case of *Simms v. Simms,* 178 Md. 350, 13 A. 2d 326, 327, where the authorities are summarized and the law on the subject re-affirmed, as follows:

"Section 201 (now 207) of Article 16, of the Code of Public General Laws of this State, provides that all final decrees, and orders in the nature of final decrees, shall be considered as enrolled from and after the expiration of thirty days from the date of the same. And the general rule is that a decree or decretal order, after enrollment, can be revised or annulled only by a bill of review or an original bill for fraud and not by a petition. In other words, after a decree is enrolled, it is, ordinarily, allowed to stand for what it purports to be on its face until revised or reversed in a more solemn manner than can be done by petition. *Thruston v. Devecmon,* 30 Md. 210; *Downes v. Friel,* 57 Md. 531; *Trayhern v. National Mechanics' Bank,* 57 Md. 590; *Miller's Equity Procedure,* Sec. 287. But as set forth in Section 288 of the latter authority: 'There are certain well defined exceptions to the general rule, equally well established as the rule itself, in which this procedure may be by petition instead of by bill of review or original bill. These exceptions are three in number: 1. In cases not

heard upon the merits. 2. Where the circumstances are such as to satisfy the court that the decree should be set aside. 3. Where the decree was entered by mistake or surprise'."

A still more recent case dealing with this subject is *Saltzgaver v. Saltzgaver*, 182 Md. 624, 35 A. 2d 810. In that case a decree was entered on June 2, 1942, dismissing plaintiff's bill of complaint for a divorce *a vinculo matrimonii* against her husband on the ground of his adultery, and after the case had been heard on its merits. Under date of May 10, 1943, the plaintiff filed her petition to strike out the decree and stated the circumstances which prevented her from acting more propmtly in filing it. On the point of procedure the Chancellor ruled that, as the petition came after the decree had become enrolled, it was too late, and also that it was lacking in the elements necessary to bring it within the exceptions to the rule, as hereinbefore stated. On appeal, this ruling was reversed and it was held that while the case did not come within either exception No. 1 or No. 3 to the general rule, it did come within the scope of exception No. 2. This both authorizes and requires the granting of a petition to set aside a decree entered under such circumstances as should satisfy the court, in the exercise of a sound discretioh, that the enrollment ought to be discharged and the decree set aside.

In the instant case, this principle of law applies even more strongly, for here the facts alleged in the petition show a combination of all three elements forming the exceptions to the general rule. Moreover, to the elements of "mistake or surprise" there is the added allegation of fraud. See *Gechter v. Gechter*, 51 Md. 187; *Tabeling v. Tabeling*, 157 Md. 429, 146 A. 389; *Foxwell v. Foxwell*, 122 Md. 263, 89 A. 494.

In the last cited case, quoted in *Simms v. Simms, supra,* is the following apt comment: "The reason for permitting the setting aside or the annullment of decrees which are entered by mistake or surprise, or under such circumstances as to satisfy the Court, in the exercise of a sound discretion, that the enrollment ought to be

set aside, exists even more strongly in divorce proceedings than in other cases to which the rule is applied."

It was entirely proper, therefore, for the defendant in the instant case (the appellee) to adopt this procedure in attacking the decree, and the petition was not demurrable on that account.

All the other points raised by the demurrer are covered and disposed of by the recent case of *Croyle v. Croyle*, 184 Md. 126, 40 A. 2d 374, which is strikingly similar to the instant case in all essential particulars. There a husband and wife had been living together in Washington, D. C., for over thirty years when, in 1934, he abandoned her, according to his own admission in a written agreement of separation. The wife continued to live at the same address in Washington, but the husband later moved into Maryland and brought suit there for an absolute divorce against his wife, alleging that she had abandoned him. He obtained a divorce on November 2, 1937. Immediately upon hearing of it a few months later, the wife instituted proceedings in the District of Columbia for a limited divorce and to set aside the decree obtained in Maryland. The husband contested this case and it was heard on its merits. While this proceeding was pending, the husband married another woman and, notwithstanding a final decree in favor of the plaintiff, from which the defendant (husband) did not appeal, he and the second wife continued to live together until his death in May, 1943. Wife number one thereafter filed a suit in the Maryland Court in the original divorce proceedings to set aside the decree of November 2, 1937, on the ground of fraud. In her petition she alleged that she not only had no knowledge of the original divorce proceedings, but that the plaintiff therein, though knowing exactly where she was residing all the time, caused notice of his suit to be published in an obscure Maryland newspaper which he had every reason to believe neither the plaintiff nor her friends would see, in order to conceal from her knowledge of the proceedings. To this petition to nullify the original decree a demurrer was filed which was

582

sustained by the Chancellor, without leave to amend. The main ground assigned for this ruling was laches on the petitioner's part.

In reversing this ruling we pointed out that "laches implies negligence in failing to assert one's rights within a reasonable time after their discovery, or in the case of attacking a proceeding on the ground of fraud, after the discovery of the fraud." We held that under the facts as alleged in that case there was neither lack of diligence on the part of the plaintiff nor injury to the defendant because of it, which are the two elements which must combine in order to operate as an estoppel.

In the case of *Simms v. Simms, supra,* where a petition to nullify a decree was not filed by the wife until two and a half years after she had acquired knowledge of the decree, it was likewise held that the alleged facts did not show such an unreasonable delay on her part as to disentitle her to relief by way of annulment of the decree.

In the instant case it is clearly shown that the appellee acted with reasonable promptness in filing her petition, her allegation on that point being that she did not know until April, 1944, of the divorce decree, and her first petition to it being filed in July, 1944. The ground of laches set up in the demurrer is, therefore, likewise untenable.

The appellant further claims that the petition was an improper manner of proceeding because his present wife "should have been made a party to the proceeding which directly affected her personal interests." The complete answer to this is that the allegation of the appellant's remarriage, a fact sought to be introduced in his demurrer, cannot be considered by the Court in passing upon the legal sufficiency of the amended petition, wherein it is not mentioned. *Miller's Equity Procedure,* Sec. 132. See also *Croyle v. Croyle, supra,* citing on this point *Allen v. Maclellan,* 12 Pa. 328, 332, 51 Am. Dec. 608, and *Bishop, Mar., Div. & Sep.,* Vol. 2, Par. 1550, to the effect that a legitimate spouse has prevailing rights in a matrimonial triangle.

In the instant case, the petition clearly alleges facts which show fraud in obtaining the decree of divorce now under attack. If proved, the case would be that of a husband who abandoned his wife in Pennsylvania, brought suit for divorce against her in Maryland before he had resided here for the required statutory period, gave a knowlingly fictitious and false address in the bill of complaint which he swore to, concealed knowledge of the divorce proceedings from her and then procured an *ex parte* decree against her. It is clearly the kind of a case which a court of equity will not dispose of by way of demurrer, but is one which calls for a full and direct answer to the allegations of fraud. As we said in *Croyle v. Croyle, supra* [184 Md. 126, 134, 40 A. 2d 378] : "It is an established principle of jurisprudence that Courts of Equity, no less than courts which proceed according to the course of the common law, have the power, in an appropriate proceeding, to vacate their judgments and decrees whenever it appears that an innocent party has been aggrieved by a judgment or decree obtained against him, without his knowledge by the fraud of the other party. *Edson v. Edson,* 108 Mass. 590, 597, 11 Am. Rep. 393; Bishop (*supra*), Vol. 2, Sec. 1552, Note 3."

"This principle is founded, too, on natural justice, and the application of it—in equity especially—has been universally recognized by the courts as a duty in counteracting and defeating fraud practiced upon them, as well as upon innocent litigants. *Bishop, supra,* Sec. 1551."

According to the facts alleged in petition and admitted by the demurrer, the appellant here not only did not give the appellee knowledge of the attempted exercise of jurisdiction by the Court and an opportunity to be heard, but by deliberately falsifying the address stated in the bill of complaint he allegedly perpetrated a fraud upon both the appellee and the Court.

The Chancellor, we hold, was clearly correct in overruling the demurrer to the amended petition and his order doing so will, therefore, be affirmed.

*Order affirmed, with costs.*