VIERLING *v.* HOLT ET AL.

[No. 126, October Term, 1950.]

*Decided April 12, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Samuel Gordon* for appellant.

*Louis B. Arnold*, with whom were *James R. Miller* and *Lee C. Miller* on the brief, for appellees.

MARBURY, C. J., delivered the opinion of the Court.

The appellees filed their bill of complaint against the appellant in January, 1949, alleging that on April 25, 1946, they entered into a written agreement to purchase from the appellant a lot containing about four acres of land in a sub-division known as Drumeldra Hills, near Colesville, in Montgomery County, for the sum of $4,388. They made a down payment of $400 and agreed to pay the balance in monthly instalments. Prior to, and at the time the agreement was executed, the appellant represented and promised the appellees that she would construct a 30 foot hard-surfaced road that would be suitable and adequate whereby they could have easy access to the lot they had agreed to purchase. Construction of this road was to be commenced and completed during the spring and summer of 1946. The bill further alleged that the appellees, relying on these representations, started to improve the land and expended more than $1,000 on these improvements, and had made monthly payments totaling $550, making a total expenditure in excess of $1,950, that at the time the improvements were commenced, there was a dirt road which eventually became impassable, that demands had been made upon the appellant to construct the road, and this had been promised, but the road had not been constructed. The appellees, therefore, asked that the agreement be rescinded and declared null and void, and that they recover from the appellant such sums as they had paid and expended.

A demurrer was sustained to the original bill, and, subsequently, an amended bill was filed which went into

more detail. With this amended bill, the contract of sale was filed, which included the statement: "Purchasers have privilege of building and improving tract also purchasers would like to have roads constructed as soon as possible." The amended bill related that appellees had only purchased the land upon the representation that a 30 foot hard-surfaced black top road would be built, and no part of the cost of it would be assessed against the property they were buying. An answer was filed to this amended bill in which the appellant denied making such representations. Testimony was then taken, and, on May 22, 1950, the chancellor decreed that the agreement be rescinded and gave a money judgment against the appellant in the sum of $1,850.00.

No appeal was taken from this decree, but on August 17, 1950, appellant filed a petition asking that the decree be set aside. The allegation is made that the appellant was not appraised of the decree until August 1, 1950, and had inadvertently allowed the time for an appeal to expire. She therefore said she was left without any remedy except to have the decree set aside. On September 26, 1950, after hearing, the court held that no grounds had been advanced to justify setting aside the decree, and therefore denied the petition. From the order denying the petition, this appeal comes here.

It is admitted in the petition and is obvious that the appellant has proceeded in the manner in which she has because she has allowed the time to expire within which she could have appealed from the original decree. She is therefore seeking to circumvent the rule requiring such an appeal to be taken within 30 days from the date of the decree (Rule 5, Appeals from Courts of Equity, Rules of Court of Appeals) by filing a petition to strike out the decree, and then taking an appeal from an order denying this petition. Such an appeal cannot have the effect of re-opening the entire case so that we can consider it generally on the merits. The only question before us, therefore, is whether the petition to set

aside the decree alleges facts which justify such action in spite of the reason given for its filing.

This petition was filed after the decree became enrolled. (General Equity Rule No. 48, Flack's 1947 Supp., p. 2022.) An enrolled decree may be set aside by a bill of review for error apparent upon the fact of the decree, or for newly discovered evidence, or upon an original bill for fraud. No such bill of review was filed in this case, and the allegations in the petition would not furnish any basis for such bill. There are also cases in which an enrolled decree may be set aside by petition. "These are in cases not heard on their merits *and* in which it is alleged that the decree was entered by mistake or surprise, or under such circumstances as shall satisfy the court in the exercise of a sound discretion that the enrollment ought to be discharged and the decree set aside." (Emphasis supplied.) *Herbert v. Rowles*, 30 Md. 271, 278; *Foxwell v. Foxwell*, 122 Md. 263, 273, 89 A. 494; *Saltzgaver v. Saltzgaver*, 182 Md. 624, 631, 35 A. 2d 810; *Fetting v. Flanigan*, 185 Md. 499, 507, 45 A. 2d 355, 174 A. L. R. 301; *Graham v. Graham*, 190 Md. 434, 444-445, 59 A. 2d 180; *Falck v. Chadwick*, 190 Md. 461, 466, 59 A. 2d 187.

This rule has sometimes been stated as if there were *three* cases under which an enrolled decree could be voided by petition, the first being where the case was not heard on its merits, the second, where the decree was entered by mistake or surprise, and the third, where the circumstances satisfied the court that the enrollment ought to be discharged. *Whitlock Cordage Co. v. Hine*, 125 Md. 96, 102, 93 A. 431. This analysis of the rule seems to stem from *Miller's Equity Procedure*, Sec. 288, to have been quoted from that authority in *Simms v. Simms*, 178 Md. 350, 353, 13 A. 2d 326, and then to have been repeated in subsequent cases. *Wyahllyeth v. Wyallyeth*, 178 Md. 417, 420, 13 A. 2d 551; *Bailey v. Bailey*, 181 Md. 385, 388, 30 A. 2d 249; *Green v. Green*, 182 Md. 571, 574, 35 A. 2d 238; *Hinden v. Hinden*, 184 Md. 575, 579-580, 42 A. 2d 120. These cases, however,

all involve situations where no full hearing on the merits had been had before final decree. Thus in *Simms v. Simms, supra,* the divorce decree which the court was asked to set aside had been procured upon *ex parte* testimony, and was alleged to be both fraudulent and a surprise to petitioner. In *Wyahllyeth v. Wyahllyeth, supra,* the divorce had been granted after service by publication, and testimony taken *exparte.* In *Bailey v. Bailey, supra* [181 Md. 385, 30 A. 2d 251], the court said: "In the instant case a bill of review or original bill was obviously unnecessary as the case was not heard on its merits." A similar statement was made in *Green v. Green, supra,* 182 Md. at page 574, 35 A. 2d at page 238. In *Hinden v. Hinden, supra,* there had been likewise only an *ex parte* hearing in a divorce case.

The earlier cases, upon which these last mentioned decisions also rely for authority, indicate that instead of there being three classes of cases, there are only two, (1) where the decree was entered by mistake or surprise, and (2), where the circumstances are such as to satisfy the court that the decree should be set aside, and that, in each of these two classes of cases, it must also appear that the case has not been heard upon the merits. A discussion of the subject will be found in *Herbert v. Rowles, supra,* where Judge Robinson reviewed the English and American authorities, discussed the different results in different cases, and concluded: "The apparent conflict in regard to this question, arises from the failure to distinguish between cases in which the decree has been pronounced upon the merits, and where it has been entered by default, or where the merits have not been considered."

In the course of Judge Robinson's review, he referred to the English case of *Kemp v. Squire,* (1748), 1 Vesey, Sr. 205. In that case, Lord Hardwicke, then Chancellor, asked for precedents for setting aside an enrolled decree on petition of an infant who became of age within six weeks of the pronouncing the decree and alleged that his solicitor had neglected his interest. Two were found,

in each of which the case had not been heard on the merits, Lord Hardwicke said: "* * * any court of justice will incline, so far as in its power, to open what is concluded *that the merits may come before the court,* and that the plaintiff may not be precluded from entering therein, and having justice done", (emphasis supplied), and: "Both these precedents therefore prove it to be discretionary in the court, (I do not mean arbitrarily so) to exercise this power, if they see fit." The Syllabus of this case states: "Inrolment of decree set aside under circumstances. Not, however, if made upon the merits."

The question just when the chancellor can or shall exercise his discretion to strike out an enrolled decree on petition has given frequent trouble to this court, and no very clear cut rule has been established. The point was discussed and cases cited in *Oliver v. Palmer,* 11 G. & J. 137, in *Marbury v. Stonestreet,* 1 Md. 147, in *Whitlock Cordage Co. v. Hine, supra,* in *Herbert v. Rowles, supra,* and lately in *Fetting v. Flanigan, supra.* The final result of all the decisions seems to be that no petition to strike out an enrolled decree should be granted where the case has originally been heard on the merits, although where there are extraordinary features which make it imperative in the interest of justice that the case be reopened, this requirement has sometimes been overlooked.

The appellant relies upon the case of *Saltzgaver v. Saltzgaver, supra.* In that case, complainant had been denied a divorce *a mensa* asked in July, 1939, on the ground of cruelty and constructive abandonment. In January, 1942, she filed a bill for divorce *a vinculo,* alleging both abandonment and adultery. The adultery was proved and admitted, but the chancellor dismissed the bill on the doctrine of recrimination, holding that she had without justification left her husband in 1939, and, since, had made no effort toward reconciliation. The chancellor therefore applied the doctrine of recrimination without the limitation that in a suit on the ground of adultery, it must be for a cause *a vinculo,* and not for one *a mensa*

merely. We set aside the decree because the chancellor's decision was in the teeth of the established law, and beyond the realm of his discretion. The application for setting aside was made by petition nearly a year after the passage of the decree, but the circumstances of the case were so unusual, and the situation of the petitioner had been made so hopeless, that we acted upon it, notwithstanding the fact that the case had been heard upon its merits. This case provides no precedent for action in the case before us.

The instant case had been heard upon the merits. There is nothing in the allegations of the petition to set aside the decree which indicates any reason for so doing, except that the chancellor was incorrect in his ruling and that the decree was inequitable to the petitioner. The case could have been reviewed, and these matters considered here had an appeal been taken from the decree, but this was not done. The allegations did not justify the chancellor in reopening a case already fully heard on the merits, in which the decree had become enrolled. We see no occasion to disturb his ruling.

*Order affirmed with costs.*