## PUGH *v.* WACLAWSKI ET AL.

[No. 31, October Term, 1956.]

*Decided December 7, 1956.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Gerald E. Topper,* for appellant.

*Thomas H. Hedrick* and *Paul R. Hassencamp,* with whom were *Brady, Jones & Hedrick* on the brief, for appellees.

PRESCOTT, J., delivered the opinion of the Court.

This appeal is from an order that sustained a demurrer to, and dismissed, appellant's amended petition to amend an enrolled decree of the Circuit Court No. 2 of Baltimore City that dismissed his bill of complaint.

The bill of complaint, filed June 9, 1954, prayed the court to assume jurisdiction, to require an accounting and to remove the old, and to appoint new, trustees. Plaintiff alleged he was practically the sole stockholder in three closely held corporations; through the media of these and individually he bought land sites, secured construction mortgages, and bought and sold houses; the corporations became indebted to him; both he and the corporations became financially involved; in June of 1950, he turned over, by deed, to the defendant trustees the books, records and assets of one of the corporations and certain of his personal property for the benefit of named creditors; and the

defendants had been guilty of conduct and manipulations that plaintiff contended amounted to fraud.

All defendants filed answers in which they set up certain defenses, namely: laches; lack of beneficial interest in the plaintiff to the assets transferred, in that they were corporate assets and any right of action belonged to the corporations or to their successors; that a necessary party defendant was not named; and *res judicata*. They further denied many factual allegations in the bill, including all that alleged misconduct, and stated what had been done with the assets received by them.

On October 14, 1954, a petition was filed by the defendants that requested leave to take testimony. A date for a hearing was set, and plaintiff issued summonses for his witnesses. On October 20, 1954, this hearing was held by Judge Moser. All parties were represented by counsel, and the defendants in support of their defense that the plaintiff as a stockholder had no right of action, but the right of action, if any, belonged to the corporations named in the bill, or their successors, introduced:

    Proceedings in the Circuit Court for Baltimore County appointing receivers for the Norwood Construction Company;

    Proceedings in the United States District Court for the District of Maryland appointing a trustee for Delvale Homes, Inc. and for Edward W. Pugh, Inc.;

    Assignments from Delvale Homes, Inc. and from Norwood Construction Company. (The above were the corporations named in the complaint)

The Delvale assignment provided that, after the payment of the named creditors, the assignees were: "12-f; to pay the balance if any to the Delvale Homes, Inc."

No oral testimony was offered, and at the conclusion of the hearing, the Chancellor announced the bill of complaint would be dismissed. Thereafter, the following order was signed and filed:

    "This cause, standing ready for hearing and being submitted, the counsel for the parties were heard,

and the proceedings read and considered; It is thereupon this 26th day of October, 1954, by the Circuit Court No. 2 of Baltimore City, ADJUDGED, ORDERED and DECREED that the Bill of Complaint be and the same is hereby dismissed, costs to be paid by the Complainant."

On January 17, 1955, the plaintiff filed a petition to amend the above order of October 26. This was presented to Judge Moser by new counsel for the plaintiff without notice to opposing counsel and the following order was signed:

"This cause standing ready for hearing, the counsel for the parties were heard, and it is thereupon this 17th day of January, 1955 by the Circuit Court No. 2 of Baltimore City, ADJUDGED, ORDERED and DECREED that the Bill of the Complaint be and the same is hereby dismissed for lack of jurisdiction and for multiplicity of suits, costs to be paid by the Complainant, said cause not having been heard on its merits."

On January 24th the court voided this latter, and substituted a show cause order. The defendants demurred to the petition that had been filed on January 17, 1955. The demurrers were sustained with leave to amend. An amended petition was filed alleging generally that the court had dismissed the bill for lack of jurisdiction and multiplicity of suits and the cause was not heard on its merits, and that the order of October 26th does not reflect what the court intended it to state. Defendants again demurred. On January 31, 1956, after a hearing on the demurrers, an order was signed sustaining the demurrers and dismissing the amended petition. The appeal is from this order.

The only question presented for decision is, are the allegations of the appellant's amended petition, as set forth above, sufficient to warrant or justify the amendment or revision of the enrolled decree, under the circumstances in this case?

There are two other contentions set forth in appellant's

brief, but we are unable to discover where they were raised, or decided, below; so, under Rule 9, we are not at liberty to consider them.

The order of October 26, set out in full above, was a definitive decree; it contained no reservation of equities or power of further direction, but was final upon the rights of the parties. This being so, it became enrolled from and after the expiration of 30 days from its date, the day of the date inclusive. Rule 48, Gen. Eq. Rules.

The Court, by its order of Jan. 17, 1955, attempted to deal with it thereafter, so, it is necessary to ascertain the power and authority of the Court over its decrees after enrollment. Rule 1, Sec. VI, Gen. Rules of Prac. and Proc. states "* * * After the expiration of such period (enrollment of decree in equity) the court shall have the same revisory power and control over such judgment, order or decree as it had after the *expiration* of the *term* at which it was entered under the *practice heretofore existing*". (Words in parentheses, and italics supplied.) "Under the former practice a decree was considered as enrolled when it was signed by the court and filed by the clerk and the term during which it was made had elapsed." *Miller, Equity Procedure,* p. 354. Before enrollment, it is "within the breast of the Court"; and, may be modified, revised, altered, vacated or entirely revoked. But thereafter, there were certain rules applicable thereto that Rule 1, Sec. VI, above mentioned, directs shall be and remain in full force and effect.

The general rule was, and is, that a decree, once enrolled, can only be opened by a bill of review, or by an original bill for fraud and not by petition. To this rule, however, are well recognized exceptions.

For many years, there was some confusion concerning them. The eminent author, Edgar G. Miller, Jr., in his *Equity Procedure,* par. 288, lists them as three:

1. cases not heard upon the merits.
2. where the circumstances are such as to satisfy the court that the decree should be set aside.
3. where the decree was entered by mistake or surprise.

This, in all probability, was due to the interpretation given by him to one sentence in Judge Robinson's opinion in *Herbert v. Rowles,* 30 Md. 271, 278, that states: "To this rule, however, there are well founded exceptions, arising in cases not heard upon the merits, *and* in which it is alleged that the decree was entered by *mistake* or *surprise, or* under such circumstances as shall satisfy the court in the exercise of a sound discretion, that the enrollment ought to be discharged and the decree set aside". (emphasis partly supplied) A careful reading seems to bear out this as meaning two exceptions instead of three: (1) where the decree was entered by mistake or surprise, and (2) where the circumstances are such as to satisfy the court that the decree should be set aside; but, in each of these two classes of exceptions, it must not appear the cases were heard on the merits. This is the classification given to them as last listed by this Court in the case of *Vierling v. Holt,* 197 Md. 522, 526.

There is a long line of cases in Maryland where the decrees have been opened on petition as not having been heard on the merits, most of them in *ex parte* proceedings or after defaults. Among them are: *Falck v. Chadwick,* 190 Md. 461, an *ex parte* adoption proceeding without notice; *Graham v. Graham,* 190 Md. 434, an *ex parte* divorce case where petitioner failed to receive notice of publication; *Green v. Green,* 182 Md. 571, where an order ratifying an account had been passed, and petitioner not heard; and *Simms v. Simms,* 178 Md. 350, an *ex parte* divorce proceeding where petitioner had no notice. See also *Foxwell v. Foxwell,* 122 Md. 263; *Mallery v. Quinn,* 88 Md. 38; and *Gechter v. Gechter,* 51 Md. 187.

We hold this case was heard upon its merits, and in determining the same, the record of the proceedings was reviewable, it being unnecessary to have relied alone upon the bare allegations of the petition. A bill of complaint had been filed in equity; all parties defendant had answered; all parties were represented by counsel; a hearing date was set; the plaintiff summoned witnesses and documents; a hearing was held; the defendants offered evidence; counsel were heard; and the decree itself stated, "This cause, standing ready for hearing and

being submitted, the counsel for the parties were heard, and the proceedings read and considered; * * *". *Herbert v. Rowles, supra; Downes v. Friel,* 57 Md. 531; *Holloway v. Safe Dep. and Tr. Co.,* 124 Md. 539; *Moore v. Equitable Ice Co.,* 131 Md. 558; *Vierling v. Holt, supra.*

This Court stated in the last case: "The final result of all the decisions seems to be that no petition to strike out an enrolled decree should be granted where the case has originally been heard on the merits, although where there are extraordinary features which make it imperative in the interest of justice that the case be reopened, this requirement has sometimes been overlooked." We find no such "extraordinary features" herein, and will, therefore, affirm the order appealed from.

We feel constrained to add, the record in this case discloses a very unsatisfactory state in regard to the pleadings and court orders. On one occasion, an order was attempted to be vacated by simply writing the word "void" thereon, the date and the Judge's initials; another, by writing the same word in pencil with the date, without even the initials of the Judge. And one was made without notice to the other side. We recognize and sympathize with, the problem of crowded dockets, and the further problem presented by the tremendous volume of cases in many jurisdictions. However, the signing of a decretal order is a solemn judicial function. When that order is modified, vacated, set aside or annulled, good practice dictates that it should be done by another order, dated, and signed by the Judge; and, if, in exceptional cases, it be impossible to notify the opposite side prior to action being taken, and the need for immediate action is imperative, notice should be given the opposite party as soon thereafter as practical. Such practice will prevent confusion; establish stability and confidence in the courts' functions; and forestall distrust among the members of the bar, and the public at large. We may note that the appellant's counsel in this Court was not counsel in the case at the time of the changes in orders above commented upon.

*Order affirmed, with costs.*